M’Girk, C. J.,
delivered the opinion of the Court
This was an action on the case commenced before a Justice of the Peace by Vest against Green for a violation of a trust reposed in Green by Vest.. Vest had judgment before the Justice of the Peace for fifty dollars. An appeal was taken to the Circuit Court, where Green had judgment, and Vest has brought the case here by a writ of error. In the Circuit Court Vest suffered a non-suit, and prayed to have the non-suit set aside, which was refused. This is assigned for error. The questions to he considered arose on the trial which preceded the non-suit. It appears by the bill of exceptions that in the fall of the year 1830, Vest and Green came to the witness, R. Wilson, and staled to him that E. T. Hickman held a note on Vest and Green for about $100, and that Green was only the security of Vest. That Green was apprehensive Vest would become insolvent, and that he would he compelled to pay the debt. That Vest to secure and indemnify Green against the note, unconditionally assigned to him one note on W. T. Curran to Vest for $100, one note or bond made by one Rice to Vest for the sum of about $12, one note made by one Smoot for $8 50 to Vest, one other note made by one Noble to Vest for $16, and other notes to the amount of about $12: in all about $150. That Green appeared willing to accept the note on Curran as a sufficient security; hut Vest to make him entirely safe, assigned him the other notes; that witness understood from Green that previous to the commencement of this suit he had sold and gave up to Hickman all the notes so assigned to him in discharge and satisfaction of the note he and Vest were bound in to Hickman. It was also proved that all the notes were paid to Hickman. Another witness testified that Green told him that he, Green, had notes enough assigned to him by Vest to pay the Hickman note, and to pay the witness’ demand of about $40 against Vest. It was also proved that the obligors in said notes were solvent men, at the time the notes were made. It appears that at the date of the assignment of the notes, Hickman had a judgment against Vest and Green on his *159 note for $01 31. On this state of testimony the plaintiff Test, asked eleven instructions which were refused by the Court: The substance of many of these instructions is the same as of those decided against Vest when the cause was up before. Some, however, present new points. We will consider the first one asked by Vest, which is as follows :
That if the jury believe the notes in the declaration mentioned were assigned to Green as a pledge to secure him against the Hickman note, and that he gave up to Hickman all the notes so assigned in satisfaction of that note, and if they believe also that the notes so assigned were, at the time they were given up to Hickman, worth more than the Hickman note, they must find for the plaintiff the amount of the difference of such value. The Circuit Court did right to refuse this instruction. Hickman had a judgment against Green and Vest at the time these notes were given up to him. It might be that his execution was out, and that Green’s property might be sacrificed unless he immediately paid the debt, and that Hickman would take nothing less than all the notes in satisfaction of his debt. It might be that the obligors in those notes lived at great distances from Hickman, and it might be that the notes had a long time to run. If any of these things existed, (and we cannot say they did not,) then Hickman would not be likely to take less than the amount of the notes in satisfaction of his debt. The substance of many other instructions refused, is, that Green had no right to sell the notes to Hickman in satisfaction of his debt till he was indemnified. This position is not law.
Was Green bound to wait till his property was under execution, or till he paid the debt out of his own money, before he sold the notes? We think this would be requiring of him thal which he was neither bound in law nor conscience to do. So if money is pledged as an indemnity against a debt, when the debt falls due the pledgee may lawfully apply the money pledged to pay the debt. When money is pledged to indemnify against an event, when the event happens the pledgee may use the money and relieve himself from the liability. Such also is the law, as we believe, when property is pledged as an indemnity.
The fourth instruction asked by Vest and refused, has no testimony to support it. We will therefore pass it by. We believe all the other instructions refused are either embraced in those decided on heretofore, or are answered by what is said above. The defendant, Green, then asked four instructions, which were given. They were decided by this Court when the cause was up before.
The second instruction given on the former trial was by this Court deemed to be erroneous- That instruction, as altered by the party and given by the Court, is deemed to be correct. A point is made respecting the motion of Vest in the Circuit Court to dismiss the appeal. That point was also decided against Vest, when the cause was up before. The judgment of the Circuit Court is affirmed with costs.