5    13|
142 m 324|

STATE OF MISSOURI, TO USE OF ST. LOUIS COUNTY, Appellant, *v.* BENJAMIN R. BONNER ET AL., Respondents.

### December 18, 1877.

1. A court cannot arrest a judgment except for some intrinsic cause apparent upon the face of the record, and where there is enough apparent to enable the court to give judgment upon the whole record, it will never arrest the judgment.

2. In an action on a bond, for a breach of a condition for the payment of money, where the finding is for the full penalty of the bond, judgment will not be arrested for failure to make a special entry of the amount of the execution.

3. In an action on a bond, where the breach assigned is that the county auditor converted to his own use the county school-fund, and it is further alleged that he did not secure to each township its share of the school-fund so converted, there is but one breach assigned, and there is no misjoinder, the latter allegation being no additional ground for damages.

4. The State is trustee of the school-fund, and in an action on an auditor's

bond who has converted this fund to his own use, the action may be brought in the name of the State to the use of the county, the question as to whether the county or the school-districts therein is the real *cestui que use* of the fund not being a matter which concerns the obligors in the bond; and such question cannot be set up by them as a defence to the action.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

LEVERETT BELL and M. W. HUFF, for appellant : The action was properly brought to the use of the county. — *Maupin* v. *Parker*, 3 Mo. 310 ; *Payne* v. *St. Louis County,* 8 Mo. 475 ; *Veal* v. *Chariton County*, 15 Mo. 412 ; *Marion County* v. *Moffett*, 15 Mo. 604 ; *The State, etc.*, v. *Dent*, 18 Mo. 313 ; *Kennett* v. *Cole County*, 13 Mo. 139 ; *Ray County* v. *Bently*, 43 Mo. 242 ; *Board of Education* v. *Boyd*, 58 Mo. 279 ; *Washington County* v. *Boyd*, 64 Mo. 179.

JAMES B. GOFF, for respondents, cited : Wag. Stat. 239, 240, 1250 ; *Reardon* v. *St. Louis County*, 36 Mo. 561 ; *Cedar County* v. *Johnson*, 50 Mo. 227 ; *Ray County* v. *Bently*, 40 Mo. 236 ; *The State ex rel.* v. *Moeller*, 48 Mo. 331.

BAKEWELL, J., delivered the opinion of the court.

This was a suit against the sureties on the official bond of William H. Heath.    The amended petition states that the title to the school-fund of St. Louis County, and the various townships thereof, is by law vested in the county of St. Louis, for the purpose of managing, distributing, and appropriating the same according to law ; that in August, 1871, Heath was duly elected auditor of said county, and, with defendants as sureties, executed to the plaintiff a bond in the sum of $12,000, conditioned that said Heath "shall well and faithfully demean himself in his office, and perform all the duties of his said office according to law either now existing or which may hereafter be enacted." The petition then states generally a breach of the condition of the bond, and, for specific breach, says that it was made the duty of Heath, as auditor, to collect the fines and penalties,

and all other moneys for school purposes, in said county, and pay them over to the county treasurer on account of the public-school fund, and to take all proper measures to secure to each township its full amount of school-funds; and that said Heath, as auditor of St. Louis County, from August 31, 1871, to June 21, 1876, collected and received, by virtue of his office, sums of money for school purposes in said county, and constituting the school-fund thereof, and of the townships of said county, amounting altogether to $130,000, which sum he was by law required to pay into the treasury of the county of St. Louis, and was also required to take all proper measures to secure to each township in said county its full amount of said funds; and that said Heath failed, neglected, and refused to pay said money, or any part thereof, into the treasury of St. Louis County, and failed, neglected, and refused to take all proper, or any, measures to secure to each or any township in the county its full amount of said funds, but has converted the said fund, and every part thereof, to his own use; wherefore judgment is prayed for $12,000, the penalty of said bond, interest and costs. The answer was a general denial.

The record shows that a report of a referee was filed in the cause, and exceptions filed; and that afterwards, at the same term, the parties appeared, and defendants' exceptions to the referee's report were overruled and the report confirmed; and, it appearing to the court that the referee has found in favor of plaintiff for the penalty of the bond, the court enters judgment for $12,000, the penalty of the bond sued on, as found by the referee. A motion for a new trial was filed by defendants and overruled, and no exception is preserved to this action of the court. A motion in arrest of judgment was filed by defendants and sustained, and plaintiff declining further to plead, final judgment was entered for defendants; and plaintiff appeals.

The record presents for our consideration the question whether the court below erred in arresting the judgment.

No question as to the propriety of the action of the court in overruling the motion for a new trial, or in overruling exceptions to the report of the referee, is before us. The court cannot arrest a judgment except for some intrinsic cause apparent upon the face of the record, — that is, on the writ, pleadings, verdict, or judgment. When there is enough apparent to enable the court to give judgment upon the whole record, it will never arrest the judgment.

The grounds alleged in the motion in arrest are, — first, because the action was illegally instituted in the name of the county, as it has no title to the moneys alleged to have been converted to his own use by Heath, and no interest in the subject of the action ; second, error in overruling exceptions to the report of the referee, as the report was not supported by the evidence ; third, because the referee admitted illegal and improper evidence ; fourth, because the judgment is against the law and the evidence. It is manifest that there is nothing whatever in the three last grounds alleged. But if this court discovers any ground for arresting the judgment, the action of the trial court will be sustained, whether these grounds were suggested in the motion in arrest or not.

1. It is claimed by respondents that the record does not show any appointment of a referee by the court, and does not show that the case was one which could lawfully be referred without consent of parties, nor that any consent was given. None of these things are part of the record. They can only be made so by bill of exceptions. It is manifest, therefore, that the judgment was not arrested on these grounds.

2. It is claimed that the record shows no assessment of damages, but simply a judgment for the penalty of the bond, and no further judgment that plaintiff have execution for damages assessed. The statute provides (Wag. Stat. 240, secs. 5, 6, 8) that, in every action upon a bond for the breach of any condition other than the payment of

money, if the jury find any assignment of such breach true, they shall assess the damages occasioned by the breach, in addition to their finding on any other question of fact submitted to them; the verdict assessing damages shall be entered of record, and judgment rendered for the penalty of the bond, together with costs; and a further judgment that the plaintiff have execution for the damages so assessed, which damages shall be specified in the judgment.

We see no error in the record to warrant an arrest of judgment. The breach assigned seems to be the breach of the condition of this bond for the payment of money. There was no jury, and it was not necessary to spread upon the record more specifically than has been done the finding of the referee, which was for the full penalty of the bond.

3. It is claimed that there are two separate breaches of the bond assigned in one count of the petition, and that there is no separate finding of the issues on these several allegations. The joinder of distinct causes of action in one count is a sufficient cause for arresting judgment; and where two causes of action are blended, and there is a general verdict, or where there is no separate finding of issues joined in several counts, it is bad, and a motion in arrest will be sustained, because a verdict must be found on all the issues. But we do not think these rules have any application to the case before us. The breach assigned of this bond is that Heath converted to his own use, and did not pay over, $130,000 received by him as auditor. It is true that it is also said that he took no measure to secure to each township in the county its share of these funds; but this is merely a necessary consequence of the breach assigned, and is not alleged to be, and cannot be, an additional ground for further damages. The breach assigned, and the only breach for which any damages are asked, or could be given, on this petition, is the breach of the condition that these moneys should be paid over to the treasury of the county of St. Louis, on account of the public-school fund.

4. This brings us to the consideration of the substantial question in the case, — whether this suit was properly instituted to the use of the county of St. Louis. If it was, no ground for arresting the judgment is apparent upon the record, and the original judgment for plaintiff should be restored, or judgment be entered in favor of plaintiff in this court.

The school-fund of this State had its origin in the act of Congress of March 6, 1820, authorizing the people of the Missouri Territory to form a constitution. By that act it was provided that section 16 of every township shall be granted to the State, for the use of the inhabitants of such township, for the use of schools. An act of the General Assembly of January 31, 1831, provided for the sale of these lands to create a fund for the use of schools. *Maupin* v. *Parker*, 3 Mo. 219; *Payne* v. *St. Louis County*, 8 Mo. 478. The *cestui que use* of the school-fund was the people of the State; the State itself was the trustee. The inhabitants of the townships were not corporate bodies. The State vested in the County Courts the management of these township funds within the territorial limits of their respective counties, and the County Courts became the agents of the State for this purpose. *Marion County* v. *Moffett*, 15 Mo. 604.

The County Courts have the management of the school-fund within their respective jurisdictions. Acts 1874, p. 159, sec. 52; p. 160, sec. 59. They are to loan the moneys and take bonds payable to the county for the use of the township to which the particular sum loaned belongs. *Ibid.*, secs. 53, 54. The county treasurer is the treasurer of all moneys for school purposes belonging to the different districts, until paid out on the warrants of the various clerks (sec. 70), and shall make annual settlements with, and return the vouchers to, the county clerk (sec. 71). The county clerk shall collect, or cause to be collected, fines, penalties, and moneys for school purposes in his

county, and pay the same over to the county treasurer on account of the school-fund. Wag. Stat. 1259, sec. 79. Payments under the stray law are to go to the county treasury for the use of the school-fund of such county. Wag. Stat. 1300, secs. 22, 23. The statute providing for sale or lease of school lands (Gen. Stat., ch. 49 ; Wag. Stat. 862, sec. 22) provides that the rents be paid into the treasury of the county. In St. Louis County, duties devolving upon county clerks under the school-law devolve upon the auditor of the county.

· It is quite true that the county has no interest in the school-funds in this sense, that they are not the property of the county, and cannot be applied to any county use. The County Court, in the management of school-funds, is the agent of the State, and not of the county ; and when the county is made payee of school-bonds, it is not for the use of the county, but only for the people of the geographical townships organized into school-districts, who are severally interested in the school-fund, but without power to enforce its collection, whilst the county is not directly interested in the matter, as a county, at all. *Cedar County* v. *Johnson*, 50 Mo. 226 ; *Ray County* v. *Bently*, 49 Mo. 240. The County Courts are intrusted with the management of the school-fund for the public good, and not for any private gain to accrue to the county. *Ibid.* It is also true that counties are not bodies corporate, but political subdivisions of the State, having a semi-corporate organization. 50 Mo. 226 ; 49 Mo. 240. Nevertheless, counties have been allowed, without objection on the ground of want of interest or want of capacity to sue, to commence proceedings to recover back school-moneys claimed to have been improperly paid out of the county treasury. And it never seems to have been doubted, though the petition was demurred to on other grounds, that such an action might well lie in the name of the county. *Washington County* v. *Boyd*, 60 Mo. 184.

In the case at bar, though the moneys said to have been

converted to his own use by Heath were school-moneys, their proper place of deposit was the treasury of St. Louis County; and although they belonged, not to the county, but to the different school-townships within the county, yet the proportionate interest of each township was not known, and could not be known, at the time of the institution of this suit. The plaintiff here is the State of Missouri. There can be no doubt that the money belongs to the State as trustee; and even if the State has erroneously stated that the county, and not the school-districts within the county, is the *cestui que use* (which is not necessary to determine for the purposes of this case), this is a matter which does not concern the defendants, and is no defence to this action. They might as well be heard to set up that the original grant of the lands from which the school-fund originated was void for uncertainty in the description of *cestuis que use*. This, if a correct declaration of the strict principles of the common law, would be a matter which in no way concerns the defendants, which does not excuse Mr. Heath for applying the people's money to his private purposes, and which does not relieve his bondsmen from their obligation of making good any money belonging to the State, for the use of the school-fund to be distributed in St. Louis County, that may have been converted to his own use by Mr. Heath.

We see no valid objection to bringing this suit in the name of the State to the use of the county in which the several school-townships have their *situs;* and we further think that a misdescription, by the State, of the *cestui que use*, in an action for money of which the State is trustee, furnishes no ground for demurrer, and no ground for arrest of judgment after verdict.

The action of the Circuit Court in arresting the judgment in this case, and giving judgment for defendants, was therefore erroneous. The judgment of the Circuit Court is reversed, and the cause remanded for further proceedings in accordance with this opinion. All the judges concur.