JACOB GILSTRAP, Plaintiff in Error, *v.* KINDRED S. FELTS, Defendant in Error.

1. *Practice, civil — Change of venue — Transcripts — Duties of clerks — Trial upon original papers.* — When a change of venue is taken, it is the duty of the clerk of the court from which the case is taken to send to the court to which it is removed a full transcript of the record proper, together with the original papers not forming a part of it. He must keep on file the original pleadings and transmit copies thereof. But if he sends the originals instead of copies, a trial can be had upon them.

2. *Practice, civil — Appeal — Demurrers and motions which have been complied with, will not be considered on appeal.* — When the ruling of the court below on a demurrer or other matter, which might have been final, has been conformed to by those against whom it was had, and the case has proceeded to a new or final trial, such ruling will not be reviewed by the Supreme Court.

3. *Practice, civil — Pleading — Interlocutory judgment — Motion in arrest — Motion to set aside.* — After an interlocutory judgment by default against a defendant, he can only be allowed to answer after a motion to set aside such judgment has been sustained; and a motion in arrest and for a new trial, made after a trial for the assessment of damages, if sustained, does not have the effect of allowing the defendant to file an answer.

*Error to Sullivan Circuit Court.*

*A. W. Mullins*, for plaintiff in error.

I. The orders and proceedings of the Circuit Court of Sullivan county, before the transcript of the record had been forwarded to

and filed by the clerk of that court, were unauthorized, extra-judicial and mere nullities, because the court did not have jurisdiction of the case. (Wagn. Stat. 1356–7, §§ 7, 8.) The order of the court, therefore, arresting the judgment rendered at the September term, 1869, could not in anywise impair or invalidate the prior proceedings in the case had in the Circuit Courts of Adair and Schuyler counties; and consequently the interlocutory judgment rendered by the Adair Circuit Court at the October term, 1866, remained in force. The court merely put a stop to its own proceedings. (Mannhardt v. Soderstrom, 1 Binn. 138, 142; Valerine v. Thompson, 7 N. Y. 581; Lindell v. Hann. & St. Jo. R.R. Co., 36 Mo. 545.)

II. The court erred in permitting the defendant to file his answer in the case while the interlocutory judgment remained in force, and plaintiff's motion to strike out the answer should have been sustained. (Hickman v. Barnes, 1 Mo. 156, 159; Wagn. Stat. 1052, §§ 4, 5.)

III. Had the Sullivan Circuit Court been fully possessed of the cause, the order arresting the judgment would not of itself have set aside the interlocutory judgment. By arrest of judgment is meant "the refusal of the court to enter a judgment for some cause apparent upon the record." (2 Gra. & Wat. New Trials, 325; Bouv. Law Dic. 726.) The motion reaches only defects and insufficiencies in the record not cured by the verdict.

*G. D. Burgess*, for defendant in error.

The court below committed no error in permitting defendant to answer after the motion in arrest of judgment had been sustained. Every reasonable intendment will be made in support of the judgment and ruling of the court below, and the presumption is that the court below sustained the motion on the ground that the petition does not state facts sufficient to constitute a cause of action. The motion, therefore, reached back to the petition, and no exceptions were saved to the ruling of the court on this point. (Morgan v. Taggart, 1 Mo. 403; Collins v. Bowmer, 2 Mo. 195; Stewart v. Small, 5 Mo. 525; Vaughn v. Montgomery, *id.* 529; Dodson v. Johnson, 6 Mo. 599; Small v. Hempstead, 7 Mo. 373; Bouv. Law Dic. 726.)

BLISS, Judge, delivered the opinion of the court.

This suit was for damages for seizing and converting personal property, and was instituted in Adair county, and upon defendant's default interlocutory judgment was then entered. At the next term he sought to have it set aside, and, failing, took a change of venue to Schuyler county; and after a jury trial, wherein the jury disagreed, took another change to Sullivan. He again sought to have the default set aside, but failed. A trial was then had upon the assessment of damages, and the plaintiff recovered some $900. In removing the cause from Schuyler county the clerk had sent no transcript of the proceedings, and the trial seems to have been had upon the original papers. The defendant thereupon moved in arrest, and his motion was sustained upon the ground that the Sullivan court had no jurisdiction. The court thereupon made an order remitting the papers back to Schuyler and ordering a transcript, which was returned; and the defendant was permitted, without setting aside the interlocutory judgment, to answer to the merits. Upon the new trial the defendant recovered judgment, to reverse which the plaintiffs bring error.

The judgment upon the first verdict was arrested because the trial had been had upon the original papers instead of a transcript from the county from which the venue had been changed. When there is a change of venue taken, the statute requires that the clerk shall forward a transcript of the record proper, together with the original papers not forming a part of it, and at the expense of the party applying for the change. (Wagn. Stat. 1356-7, §§ 7-9.) No transcript was forwarded in this case, but the trial appears to have been had upon the original pleadings; the defendant, who had procured the change of venue, in effect consenting to such trial. After a verdict against him he perceives the irregularity and objects to a judgment. But he is too late. The irregularity, if it existed, was his own, and he cannot take advantage of it. But there was no such irregularity in fact as could have injured either party. The statute makes it the duty of the clerk to preserve upon his files the original pleadings and forward a transcript of

Gilstrap v. Felts.

them. This is his duty, and if any one suffers from its non-performance he is answerable. But if, instead of forwarding copies, he shall send the originals, it does not follow that there can be no trial upon such originals. Surely, when a copy suffices, the original cannot fail to do so. Ordinarily the presence of the original pleadings is essential; in a change of venue it is dispensed with. But if they are actually in court, and a trial is had upon them, on what principle can the proceedings be considered erroneous? The jurisdiction does not depend upon whether the trial is had upon the original papers or upon copies, but upon the order of change and the presence of the parties.

I do not say that a party may not be interested in having the original papers in the custody of the proper clerk. If he proceed before the trial, and as soon as he discovers the mistake, he may perhaps obtain an order to send back such papers, with a rule to furnish a transcript. But even this rule should not be granted so as to effect a continuance of the case and prejudice the party against whom the change has been taken. The opportunity for staving off trials already furnished the unscrupulous, who so often obtain a change of venue for simulated reasons, should not be enlarged.

But this action of the court, although erroneous, cannot now be taken advantage of. When the judgment was arrested and a new trial ordered, the plaintiff should have refused to proceed further, and should have demanded final judgment against him to enable him to bring up the case. (2 Johns. Cas. 213.) He will not be permitted to seek a new judgment, and, if dissatisfied with it, fall back upon the old. We have uniformly refused to review the action of the trial court upon demurrer and other matters which might have been final, when those against whom it was had have conformed to it and proceeded to a new or final trial; and since the case of Helm v. Bassett, 9 Mo. 52, writs of error are not allowed for granting new trials after the second trial has been had. Nor would it be granted after judgment was arrested, when, as under the peculiar circumstances of this case, it would and did result in a new trial.

After the motion in arrest had been sustained, the defendant was permitted to file his answer to the merits, the court appearing to treat the arrest and new trial ordered as reaching back and covering the interlocutory judgment. But it had not that effect. The motion, by its terms, referred only to the final judgment ascertaining the damages, and the interlocutory judgment could not have been arrested after it had been duly rendered. A motion in arrest goes to the verdict, and is a refusal of the court to enter judgment upon it, and usually for some uncured defect in the petition. The inaccurate way in which our records are commonly kept seems to confound motions in arrest and for new trials with motions to set aside the judgment. The former motions must be made before judgment is rendered, and the verdict only should be entered, until such motions are disposed of; and then, if they are overruled, comes the judgment. The latter, of course, are subsequent to the judgment, and as to the interlocutory one under consideration had been twice made and overruled. The motion in arrest did not and could not reach it, and it was error for the court to permit the defendant to answer to the merits, to put in issue facts confessed by such judgment. The motion of the plaintiff to strike out the answer should therefore have been sustained.

The record presents the anomaly of two judgments, the first covering all the facts except as to the amount of damages, and the second covering the same facts and directly opposed to the former. If defendant would deny the trespass altogether, he should, upon showing good reason for his first default, have been permitted to answer, the default being set aside; or, if the trespass stands confessed, the amount of damages is directly in issue, and if none are shown the recovery will be nominal.

The judgment will be reversed and the cause remanded. Judge Wagner concurs. Judge Adams not present at the hearing.