———o———

R. H. Cox and Wm. Slingsby, Respondents, *vs.* Edward M. Moss, Appellant.

1. *Jury of six men—Waiver—Motion in arrest.*—Where a cause is tried by a jury of less than twelve men, unless the full panel be expressly waived by entry of record, that fact may be taken advantage of by motion in arrest. In such case no exceptions to the panel need be saved at the trial.

*Appeal from Nodaway Circuit Court.*

*Dawson and Edwards*, for Appellant.

I. The court erred in overruling the motion in arrest of judgment. The Circuit Court being a court of record of general and common law jurisdiction, the parties are entitled to a jury of twelve men in all civil cases triable therein by a jury; and no cause can be legally tried by a jury of any less number without the consent of the parties thereto, duly entered of record. (Vaughn vs. Scade, 30 Mo., 600; Brown vs. Han. & St. Jo. R. R. Co., 37 Mo., 298; Scott vs. Russell, 39 Mo., 407.)

*J. V. McMillan and C. A. Anthony*, for Respondents.

In Vaughn vs. Scade, 30 Mo., 600, and in Foster vs. Kirby, 31 Mo., 496, the defendants at the trial insisted on a jury of twelve men, as a constitutional right. It was refused, and they duly excepted.

To say that a man may sit by and take part in a trial with-

out making any objection, and still have the right to insist that the jury, who tried his case, was not a constitutional jury, is to allow him to take advantage of his own negligence.

No express waiver is required to authorize trial by the court. (State vs. Larger, 45 Mo., 510.) And there is an inconsistency in saying a jury is presumed to be waived by silence, when the cases are tried by the court ; and not waived by silence, when the issues are tried by a less number than twelve jurors.

*Pike & Pike*, for Respondent.

I. Where a case is submitted to a court for trial, the waiver of a right to a jury trial is implied. The same rule should certainly apply to this case. (Bruner vs. Marcom, 50 Mo., 405; Leonard vs. Rayan, 20 Wis., 540; 8 Ind., 27.)

II. Since it does not appear that the appellant objected to the jury before trial, the presumption is, that he took part in selecting it, and consented to submit his case to a jury of six men, and he is therefore estopped from claiming after such submission, his constitutional right to a jury of twelve men. (1 Wis., 409.)

III. The cases of Vaughn vs. Scade, 30 Mo., 600, and Brown vs. H. & St. Jo. R. R. Co., 37 Mo., 298, cited and relied on by the appellant, are entirely overruled by the decision of Bruner vs. Marcom, 50 Mo., 406.

IV. A distinction should be made between the rule in criminal cases and that in civil cases. The former is founded on reasons peculiar to such cases, where the right to a trial and verdict by a full jury cannot even expressly be waived. (41 Mo., 470.) In the latter, a jury trial can be waived by implication. (50 Mo., 406.) Why cannot a part of the jury be similarly waived?

Sherwood, Judge, delivered the opinion of the court.

This suit originated before a justice of the peace, and on appeal taken to the Circuit Court, the cause was there tried by a jury of six men, resulting in a verdict and judgment for the

plaintiff. No consent of the defendant to the trial by that number was entered on the record; and this was the ground for the motion in arrest, which was filed by the defendant. This motion was overruled, and this case comes here by appeal; and the above is the only question presented, by the record.

This point has been passed upon in this court, and the decisions thereon are uniform, that unless the constitutional right of the party to a trial by a jury of twelve men be expressly waived by entry of record, the error, being one of record, may be raised by motion in arrest, whether exceptions were saved or not. (Vaughn vs. Scade, 30 Mo., 600; Brown vs. Han. & St. Jo. R. R. Co., 37 Mo., 298; Scott vs. Russell, 39 Mo., 407.)

Judgment reversed and cause remanded. Judges Wagner and Napton absent, the other Judges concur.