Matlock v. Williams, et al.

———o———

GEORGE MATLOCK, Appellant, *vs.* MARCUS WILLIAMS *et al.* Respondents.

1. *Instructions—Motion for new trial—Attention of court below, not called to instruction.*—The Supreme Court will not pass upon an instruction to which the attention of the court below was not called, on motion for new trial.

59  105
122  598

59  105
145  678

59  105
176  329

*Appeal from Cooper Circuit Court.*

*Ewing & Smith, and John Cosgrove, with McMillen Bros.*, for Appellant.

*Draffen & Williams*, for Respondents.

SHERWOOD, Judge, delivered the opinion of the court.

Suit to enforce mechanic's lien. The trial before the court resulted in a general judgment against the contractor, and a judgment in favor of the other defendants. The answers of the defendants were separate ones, and both denied the chief allegations of the petition, and among them that the lien was filed, etc., within the requisite statutory period. The plaintiff filed his replies to these answers. But the account which was filed with the clerk of the Circuit Court, showing the date of its filing, and proper verification, is not to be found incorporated in the bill of exceptions, nor even among the other papers contained in the transcript.

It is true that the parties have stipulated that "the plaintiff read in evidence his mechanic's lien;" but as to the contents and component parts of that paper, the date of its filing, its

compliance with the requisitions of the statute, we are left to conjecture. But even if there were no fault to find in this respect there are objections equally fatal as to the giving of the declaration of law No. 2, on the part of the defendants; for the amended motion for a new trial, only calls the attention of the court below to declarations Nos. 1, 3 and 5, given at the instance of defendants.

No opportunity was therefore afforded the trial court to correct any error which it might have committed in giving the declaration complained of; and it is upon this declaration that plaintiff chiefly relies for a reversal. But it is quite needless to inquire as to any of the declarations which were given on behalf of defendants, as plaintiff had judgment against the contractor, and was entitled to none against the owners, unless he had secured his lien within the time and manner provided by law. In the absence of anything in the record showing this, it certainly will not be presumed.

Judgment affirmed; Judge Vories absent, the other judges concur.