ANTHONY v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

1. **Practice.** This court will not review errors in instructions, unless they were called to the attention of the trial court in the motion for new trial.

2. ———, IN JUSTICES' COURTS. While section 16, chapter 82, Wagner's Statutes, (p. 815,) was in force, a summons issued by a justice of the peace was not required to contain a statement of the nature of the suit and the sum demanded. This statement was required for the first time by section 2858, Revised Statutes 1879.

*Appeal from Madison Circuit Court.*—HON. J. H. NICHOLSON, Judge.

AFFIRMED.

*Bennett Pike* and *Geo. H. Benton* for appellant.

*B. B. Cahoon* for respondent.

HENRY, J.—This suit originated in a justice's court, in Madison county, and was for double damages for the alleged killing of plaintiff's mare, by one of defendant's trains of cars. A judgment by default was rendered against defendant by the justice, from which defendant appealed to the circuit court, where, on a trial by the court, a jury having been waived, plaintiff again obtained judgment, from which defendant has appealed to this court. There was evidence to show that the mare got on the track of defendant's road through a pair of bars at a farm crossing, placed there by the company for the use of the farm; that the bars had been out of repair for a long time, and their condition had been reported to the company; that the bars were three planks high, and the top plank was so short that it barely touched the post, so as to be easily thrown off by the wind; that the two planks were off when the mare was found dead. No instructions were asked by plaintiff; no declarations of law were made by the court, and the court refused one asked by the defendant to the effect, that after it has erected a fence on the sides of its road, and it is broken down, defendant has a reasonable time to find out its condition and repair it, before its liability begins.

It is sufficient to dispose of the point made by appellant on the refusal of that instruction, to say that the error, if any, committed in its refusal, was not called to the attention of the court in the motion for a new trial.

Counsel also contend that the judgment is void "because it does not appear on the face of the papers that the justice obtained jurisdiction of the subject matter of the action;" and base this objection on the omission from the summons issued by the justice, of a statement "of

the nature of a suit and the sum demanded." The act in force when this suit was instituted did not require that the summons should contain that, or any statement of the kind, and the summons issued was in exact conformity with that required by section 16, page 815, 2 Wagner's Statutes.

We cannot say that there was no evidence to support the finding and judgment of the court. Even if defendant's refused instruction had been given we could not say that "the finding was against the law and the evidence," or "against the instructions of the court." All concurring, the judgment is affirmed.