THE STATE v. PRESTON, *Appellant.*

1. **Weight of Evidence.** The evidence in this case did not so preponderate against the verdict as to justify the court in concluding that the jury were influenced by passion or prejudice, and, therefore, the objection that the verdict is against the evidence must be overruled.

2. **Practice.** Objections to instructions will not be considered by this court unless they were made in the motion for new trial.

3. ————. A remark of the prosecuting attorney construed by the court as having no reference to the failure of the defendant to be sworn on his own behalf, and, therefore, no violation of the statute.

*Appeal from Johnson Criminal Court.*—HON. J. E. RYLAND, Judge.

AFFIRMED.

S. P. *Sparks* for appellant.

*D. H. McIntyre*, Attorney General, for the State.

NORTON, J.—Defendant was tried in the criminal court

of Johnson county upon an indictment charging him with grand larceny in stealing two hogs of the value of $37. He was found guilty and his punishment assessed at two years' imprisonment in the penitentiary, from which judgment he has appealed to this court, and the chief points relied upon by counsel for a reversal of the judgment are, that the verdict is against the evidence, that the court misdirected the jury as to the law, and that the circuit attorney was allowed to make improper remarks in his argument to the jury.

That defendant stole the hogs in question, we think is clearly established by the evidence, but it is insisted by counsel that the weight of evidence showed them to be under the value of $30, and that, therefore, the verdict of the jury finding defendant guilty of grand larceny is against the evidence. The evidence as to the value of the hogs was conflicting. James E. Rankin, from whose feed-lot the hogs were taken, and who was a farmer and had been buying and selling hogs for thirty years, testified that the hogs were worth $32 or $33. His evidence in this respect was corroborated by that of Robert E. Rankin, William Hunt and Simmerman. On the other hand, witness Clark, who bought the hogs of defendant, testified that he weighed them, and at the market price they were worth $24.99, and that he paid defendant that sum for them. His evidence was corroborated by that of Hale, a member of the firm for which witness Clark bought the hogs. On this state of the evidence the jury were directed that if they found defendant stole the hogs, and that they were of the value of $30 or more, they would find him guilty of grand larceny, and if they found them to be of less value than $30, they would find him guilty of petit larceny. The question as to the value of the hogs was thus fairly submitted to the jury, and the evidence of the hogs being of less value than $30 does not so preponderate as to justify us in saying that the jury, in arriving at the conclusion that they were worth

1. WEIGHT OF EVIDENCE.

$30 or more, were influenced by passion or prejudice, especially so, in view of the fact, that they had the witnesses before them, three or four of whom testified that the hogs were worth over $30. *State v. Cook*, 58 Mo. 546; *State v. Musick*, 71 Mo. 401; *State v. Zorn*, 71 Mo. 415.

It is also insisted that the court erred in giving instructions. This objection cannot be considered by us for the reason, that it is not alleged in the motion for new trial, that the court misdirected the jury. *State v. Degonia*, 69 Mo. 490; *State ex rel. Rucker v. Rucker*, 59 Mo. 17; *Matlock v. Williams*, 59 Mo. 105.

2. PRACTICE.

It is also urged that the prosecuting attorney was permitted to say in his argument to the jury "that no attempt had been made by defendant to explain his possession of the property." This statement is borne out by the record, and is not regarded by us as referring to the fact that defendant might have been sworn as a witness if he had so chosen, but to the case as made by the evidence. Judgment affirmed, in which all concur.

3. ———.