THE STATE *ex rel.* WAKEFIELD V. RICHARDSON *et al., Plaintiffs in Error.*

1. **Back Taxes:** COLLECTOR'S CERTIFICATE, AS EVIDENCE. Upon the trial of an action for the recovery of back taxes, a tax-bill certified to by the relator, as collector, was given in evidence, without objection. *Held*, that the judgment in his favor would not be set aside on the ground that there was no evidence that relator was the collector. SHERWOOD, J., dissenting.

2. **Motion for New Trial:** EVIDENCE: INSTRUCTIONS. This court will not inquire into the action of the trial court in excluding evidence or refusing instructions, unless complaint be made of such action in the motion for new trial.

*Error to Jasper Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

AFFIRMED.

*Jas. M. Richardson* and *F. P. Wright* for plaintiffs in error.

*Harding & Buller* for defendant in error.

NORTON, J.—This suit was instituted in the circuit court of Jasper county, at the relation of Thomas Wakefield, collector for said county, for the recovery of back taxes for the years 1874, 1875 and 1876, assessed upon lot 494 in the city of Carthage, aggregating the sum of $31. The petition is in usual form, and avers that said Wakefield is the collector of said county, and that the taxes for said years remain due and unpaid, and asks judgment for the amount with ten per cent interest, to be enforced as a lien upon said lot. It is also averred that said Wakefield had agreed in writing with the attorneys bringing said suit, which had been approved by the county court, that they were to receive ten per cent as their fee on amount of taxes collected, to be taxed as costs. It is also averred that defendant Alyen is the owner of said real estate, and that defendant Richardson claimed some interest therein,

the extent of which was unknown to plaintiff. The answer was a general denial.

The cause was tried and the issues submitted to a jury and a verdict returned for plaintiff, upon which judgment was rendered according to the prayer of the petition, from which defendants have prosecuted a writ of error to this court, and the first point relied upon for a reversal of the judgment is, that there was no evidence that Wakefield was the collector of Jasper county. This point must be ruled against the defendants for the reason that plaintiff introduced in evidence, without objection from defendants, a back-tax bill issued and certified to on the 28th day of May, 1878, by said Wakefield, as collector of Jasper county, showing the amount of taxes sued for. If defendants intended to controvert the authority of said Wakefield, as collector, when this paper was offered in evidence, showing that Wakefield was in fact acting as collector, an objection should then have been interposed, and their failure to do so is fatal to the objection made by counsel. If, on the trial, evidence had been offered and received without objection of verbal declarations made by Wakefield that he was collector of Jasper county and was so acting, such declarations would at the least be some evidence of the fact. The certified copy of the tax-bill received in evidence without objection, was but the written declaration of Wakefield of the fact of his being collector, and that he was acting in that capacity.

The second point relied upon is the refusal of the court to allow defendant to read in evidence certain tax-books and assessors' books to show that the lot in question had been wrongfully assessed in the name of one Brintling, as owner. This point must be ruled against defendants because this action of the court is not set forth as a ground for new trial in the motion for a new trial.

It is also objected that the court erred in refusing an instruction to the effect that the jury should find for defendants as to the attorney's fee of ten per cent on the

amount of taxes collected, as claimed in the petition. This objection cannot be considered because no complaint as to the action of the court in giving or refusing instructions, is made in the motion for new trial. We perceive no error in the record authorizing an interference with the judgment, and it is hereby affirmed with the concurrence of all the judges, except Judge SHERWOOD.

SHERWOOD, J.—I do not concur on the point in regard to the collector. The answer was a general denial, controverting every allegation of the petition. In such circumstances it devolved on the party holding the affirmative to establish the authority of the collector, either that he was *de jure*, or else *de facto* collector. The mere tax-bill, in my opinion, did not have the effect of showing that Wakefield was acting as collector.