KATE L. JOYCE, Guardian, Appellant, *v.* GEORGE
MURNAGHAN, Respondent.

**March 17, 1885.**

1. PRACTICE—EQUITABLE DEFENSE.—The interposition of an equitable defense to an action at law does not change the character of the action, which is determined by the petition.

2.—APPELLATE COURTS—RECORD ERRORS.—Rulings of the court not assigned as error in the motion for a new trial will not be considered on appeal.

3.—ERRORS OF LAW—MOTIONS FOR NEW TRIAL.—An objection in the motion for a new trial that the finding of the court is against the law, will not authorize the appellate court to revise the finding as to the *quantum* of damages, unless it appears that the damages were erroneously assessed as a matter of law.

APPEAL from the St. Louis Circuit Court, BARCLAY, J.
Affirmed.

FRANKLIN FERRISS, for the appellant.

JAMES P. MAGINN, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This is an action for damages for breach of a covenant
of warranty. One of the defenses was an equitable de-
fense. The cause was heard by the court without a jury.
The court gave judgment for the plaintiff for nominal
damages—one dollar and costs. The substantial grounds
of the action were, that on April 25, 1874, the defen-
dant conveyed by warranty deed an undivided one-
half of a parcel of ground to his brother, Daniel
Murnaghan, the father of the minor wards of the plaintiff,
and that, at the time of this conveyance there was out-
standing upon the property a deed of trust which had
been executed by the defendant to secure an indebtedness
of his in the sum of $3,000. Then there are allegations
in the petition as to the damages, and judgment is asked
in the sum of $2,300. The principal defense was an equi-
table defense, the substance of which was, that the land
of which the warranty deed in question conveyed to
Daniel Murnaghan an undivided one-half, was real estate
which belonged to Daniel Murnaghan and the defendant
as partners; that the purpose of the conveyance was
merely to declare the interest of Daniel in such land as
tenant in common with the defendant; that it was in-
tended to do this by a quit-claim deed, and that the
covenant of warranty, which is the basis of this action,
was inserted in the deed by the mutual mistake of Daniel
and this defendant.

There was considerable evidence tending to make out
this equitable defense; and I am prepared to say for
myself, without speaking for other members of the court,
that if we had power to deal with this defense as chan-
cellors, I should say that it had been established and
consequently that the deed ought to be read as though it
contained no covenant of warranty; from which it would
follow that the plaintiff is not entitled to maintain this

action. But it must be remembered that this action is an action at law, and although one of the defenses was an equitable defense, yet the question whether it is to be regarded as an action at law or as a suit in equity, is determined by the character of the action, and not by the character of the defense.—*Smith* v. *St. Louis Beef Canning Co.*, 14 Mo. App. 522. The learned judge of the circuit court, therefore, tried the cause as a jury and not as a chancellor. Now, he rendered a judgment in favor of the plaintiff for damages, in the sum of one dollar. He must therefore, have found that this equitable defense was not established, else he could not have given any damages at all.

The only substantial question which has been argued is, whether these damages were insufficient as matter of law. We regret that the record is not in such a state that we can consider the question. The inadequacy of the damages was not assigned as one of the grounds upon which the plaintiff moved for a new trial in the circuit court; and therefore, upon a well settled rule of procedure, that question is not open for contestation here. This is clearly so, unless the question can be reached under the assignment in the motion for new trial that the finding of the court is against the law. But in order to be against the law, it must clearly have been such a finding as a jury could not render in the state of the evidence without a misapplication of the law to the facts. The ground on which it is argued that it is such a finding, we understand to be this : That when this deed of warranty was made, conveying an undivided one-half interest in the land, there was an outstanding incumbrance of $3,000 upon the land, that subsequently the defendant in the present action instituted a proceeding against the plaintiff in the present action for partition ; that such proceedings were had in that partition suit, that the land was ordered to be sold subject to the incumbrance, and that it was so sold. Now, we understand the plaintiff's contention to be that the court, sitting as a jury, considering the question of the *quantum* of

damages which the plaintiff had suffered through the breach of this covenant of warranty, in so far as it consisted of a covenant against incumbrances, was bound to find as matter of law, that if the land had been sold for partition free of this incumbrance instead of being sold subject to it, it would have brought $3,000 more. This does not follow as a necessary conclusion. It might have brought that much more, and it might not. If bidders were present, or could have been got to the place of bidding, having the means to pay that much more under the terms of sale, it might have brought that much more. It may possibly be that, as matter of experience, when land is sold at partition sale in the city of St. Louis, subject to an incumbrance, it always brings just as much less than it would otherwise bring as is the amount of the incumbrance. But if this is so it was a fact to be proved by the plaintiff at the trial, and there is not a line of evidence on the point in the record.

It is, therefore, clear that the damages are not erroneously assessed as matter of law; and as there is no assignment in the motion for a new trial questioning their inadequacy as matter of fact, the record affords no material on which the judgment can be revised in any respect. The judgment is accordingly affirmed. All the judges concur.