M. C. WHITE, Executor, Respondent, v. W. D. CALD-
WELL, Appellant.

May 19, 1885.

PRACTICE—MOTIONS—NEW TRIAL—ARREST OF JUDGMENT.—Errors aris-
ing at the trial, and which can appear only by bill of exceptions,
are not saved for review by motion in arrest of judgment.

APPEAL from the Marion Circuit Court, BRACE, J.
*Affirmed.*

W. O. L. JEWETT, W. R. ANDERSON, and O. D. JONES,
for the appellant.

W. M. BOULWARE, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This was an appeal to the circuit court of Marion county from an order of distribution made by the probate court of that county, in the matter of the estate of Samuel B. Caldwell, deceased. The circuit court heard the controversy anew and rendered judgment ordering distribution, as the probate court had ordered it. No motion for a new trial was filed; but a motion in arrest

of judgment was filed setting up various grounds of error which might well have been set up in a motion for a new trial, but which are not available to arrest a judgment; such as, that the judgment was against the evidence; that the court erred in refusing certain declarations of law in construing the provisions of the will, etc. It is elementary law that the usual office of a motion in arrest of judgment is, to direct the attention of the court to errors appearing on the record proper.—*Gilstrap* v. *Felts*, 50 Mo. 428; *Burdsal* v. *Davies*, 58 Mo. 138; *Cox* v. *Moss*, 53 Mo. 432; *State* v. *Koerner*, 51 Mo. 174. It does not perform the office of calling the attention of the court to rulings which constitute matters of exception. It cannot, therefore, be used as a substitute for a motion for a new trial. It reaches only those defects which are apparent on the face of the record proper and does not reach such as require to be brought to the notice of the court by proof *aliunde.*—*State* v. *George*, 8 Ired. 324; S. C. 49 Am. Dec. 392. See also *Edgerly* v. *Emerson*, 23 N. H. 555; S. C. 55 Am. Dec. 207. Under a rule of practice firmly settled in this state, unless there has been a motion for a new trial filed within the proper time, an appellate court is not at liberty to consider assignments of error which relate to rulings which took place at the trial and which are presented by the bill of exceptions (*Wetherall* v. *Harris*, 51 Mo. 65; *State* v. *Marshall*, 36 Mo. 400), such as the giving or refusing of instructions (*Matlock* v. *Williams*, 59 Mo. 105; *State ex rel.* v. *Richardson*, 77 Mo. 589; *Anthony* v. *Railroad Co.*, 76 Mo. 18), or admitting or rejecting evidence.—*Carver* v. *Thornhill*, 53 Mo. 283, 286. The leading case on this rule of practice as it has existed ever since the revised code of 1855, is *State* v. *Marshall*, 36 Mo. 400, in which the question was carefully examined and the following rule was declared: "No exceptions can be taken on the appeal or writ of error to this court to any proceedings had in the progress of the trial in the court below, which are of such nature that they do not appear on the face of the record, nor because a part of the record, without being made so by a bill of exceptions, unless they have

been expressly decided by the court below * * *
and in order that it may appear that such exceptions
have been expressly decided by the court below, there
should be a motion for a new trial, which should appear
in the bill of exceptions as overruled, and an exception
should be taken to the decision of the court thereon."
This rule of practice has been uniformly adhered to ever
since; and while we regret to be obliged to dispose of an
important controversy upon a rule which does not touch
the merits, we are not at liberty to do otherwise. We
are therefore remitted to the record proper; this does not
contain the will or any other evidence in the case; and,
therefore, for aught that appears, the judgment was such
a judgment as the court might lawfully have rendered,
and we are bound to presume that it was. The judgment
is accordingly affirmed. All the judges concur.