CITY OF LINNEUS, Respondent, v. M. Y. DUSKY, Appellant.

Kansas City Court of Appeals, October 26, 1885.

1. ORDINANCES—MUST BE IN HARMONY WITH THE LAWS OF THE STATE.— The ordinances of a city must be in harmony with the laws of the state, but the ordinance herein assailed is not in conflict with the statutes. Rev. Stat., sect. 1274. Both the state and the city may punish for the same offence. *City of St. Louis v. Cafferata*, 24 Mo. 96. The ordinance is not invalid, because of not containing an exception made in section 1275 of the statute providing for a good defence to the charge in certain cases.

2. PRACTICE—NEW TRIAL—WHEN NOT GRANTED.—Although admissible evidence be excluded, if the party complaining was not injured by its exclusion, and a jury would not, by any reasonable probability have reached a different conclusion in their verdict, it would be trifling with the administration of law to award a new trial. *State ex rel., etc., v. Edwards*, 78 Mo. 473; Rev. Stat., sect. 3775.

3. PRACTICE—INSTRUCTIONS—WHEN NOT CONSIDERED ON APPEAL.—It is the well settled rule of practice that the appellate courts will not take notice of exceptions to the giving and refusing of instructions, unless the motion for new trial calls the attention of the trial court to such error. *State v. Preston*, 77 Mo. 294; *State v. Barnett*, 81 Mo. 120.

APPEAL from the Linn Circuit Court, HON. H. W. BROWNELL, Special Judge.

*Affirmed.*

The facts are stated in the opinion.

B. J. NORTHCOTT, for the appellant.

I.   In this state it is a good defence to a charge of carrying concealed weapons, "if the defendant shall show that he has been threatened with great bodily harm or had good reason to carry the same in the necessary defence of his person, home, or property. Rev. Stat., sect. 1275, p. 224.   And the threatening letter addressed to defendant and tacked upon his gate, should have been admitted in evidence.   This evidence was competent and proper, and was admissible in evidence as part of the *res gestae.*"   1 Greenl. Evid. (9 Ed.), sect. 108, *et seq.*, and notes.

II.   The ordinance of the city is invalid, because it is contrary to the law of the state, in not permitting a person who has been threatened with death or great bodily harm, to carry weapons in the necessary defence of his person, home, or property.   Rev. Stat., sect. 1275, p. 224 ; 1 Dillon Mun. Corp. (2 Ed.), sect. 253, and note ; *State v. Harper*, 58 Mo. 530 ; *Leach v. Cowgill*, 60 Mo. 316 ; *Kiley v. Oppenheimer*, 55 Mo. 374.

III.   The court erred in giving plaintiff's instruction, limiting the punishment to two of three provided for in the alternative.   It was the duty of the court to give the necessary instruction in this case, even though not asked for by defendant.   *State v. Branstetter*, 65 Mo 149 ; *State v. Matthews*, 20 Mo. 55 ; *State v. Jones*, 61 Mo. 232.

IV.   The court erred in refusing a new trial.   The prosecuting attorney should have been rebuked for making statements of material facts not proved to the jury. *State v. Kring*, 64 Mo. 591 ; *State v. Lee*, 66 Mo. 168. And in view of the invalidity of the ordinance, the court erred in overruling the motion in arrest in this case. 1 Bouvier's Law Dict. 146 (14 Ed.).

E. W. WILCOX and J. B. WILCOX, for the respondent.

I.   The exclusion of the threatening letter was proper, it was not part of the *res gestae.*   1 Greenl. Evid. (9

Ed.), p. 148, *et seq.*, and notes. It has been held in the
this state that declarations made by defendant only one
hour before the homicide, were not admissible as part of
the *res gestae. The State v. Evans*, 65 Mo. 474. Besides
the exclusion could not have injured the defendant, for
both he and his witnesses were permitted to testify that
he had found such letter.

II.   The ordinance in question is good, because not
being identical in language with the state statute on the
same subject is not in conflict therewith. Even were a
part of it in such conflict, or a portion thereof unconsti-
tutional, that would not vitiate the remainder. *State v.
Williams*, 77 Mo. 310.

III.   It is no ground for setting aside the verdict
that the court in its instructions understated the maxi-
mum punishment, and authorized the jury to impose
other punishment not permitted by law. *State v. Gray*,
77 Mo. 374.

IV.   The instructions refused defendant, were prop-
erly refused. Every principle embodied in them had
already been given by the court ; and in such case it is
no error to refuse another to the same effect. *Anthony
v. Bartholow*, 69 Mo. 186 ; *McGonigle v. Dougherty*, 71
Mo. 259.


PHILIPS, P. J.—The defendant was convicted in the
mayor's court of the city of Linneus, of violating
one of its ordinances prohibiting persons from carry-
ing within the corporate limits concealed weapons. On
appeal to the circuit court he was again found guilty,
and a fine of five dollars assessed against him. From
this judgment he prosecutes this appeal.

I.   On the trial the prosecution offered and read in
evidence an ordinance of said city, prohibiting any per-
son from carrying any concealed weapon, revolver, etc.,
within the corporate limits of said city, excepting cer-
tain officials, and imposing as a penalty for its breach a
fine of not less than two dollars and a half, nor more
than twenty-five dollars, or imprisonment in the city

prison not less than ten days, or both, at the option of the mayor. To the introduction of this evidence the defendant objected for the reason, that the ordinance was contrary to the law of the state, which allows a person to carry such weapon whose life has been threatened, whereas said ordinance makes no such exception.

It is not disclosed by the record before us, whether or not this corporation was created by special charter or the general statutes. The counsel for appellant, however, in his brief, asserts that it is a city of the fourth class. He cannot complain if we accept his statement as correct.

By the provisions of section 4940, Revised Statutes, respecting cities of the fourth class, power is given to the mayor and board of aldermen, by ordinance, to pass such ordinances as the one in question. Conceding to defendant the proposition that such ordinances must be in harmony with the laws of the state, wherein does this ordinance conflict with the statute? Section 1274, Revised Statutes, prohibits any person from carrying, upon or about his person, any deadly or dangerous weapon, and imposes as a penalty for its infraction a fine of not less than five, nor more than one hundred dollars, or imprisonment in the county jail not exceeding three months, or both such fine and imprisonment.

Certainly there is, in contemplation of well settled rules of law, no conflict between these laws. Both the state and the city may punish for the same offence. *State v. Bentz,* 11 Mo. 61 ; *City of St. Louis v. Cafferata,* 24 Mo. 96–97.

The next section of the statute, 1275, provides, *inter alia,* that " * * * it shall be a good defence to the charge of carrying such weapon, if the defendant shall show that he has been threatened with great bodily harm, or had good reason to carry the same in the necessary defence of his person, home, or property."

Can it be maintained that because the ordinance does not contain the matter of exemption made in said section 1275, that the whole ordinance is void? If this construction should obtain no person could be convicted

under the ordinance for carrying concealed weapons in the city, even though he had no such defence as that allowed by the statute. The ordinance is in harmony with section 1274 of the statute in prohibiting the carrying of concealed weapons. It does not attempt to deny to any person arraigned, the privilege of the defence accorded by section 1275. An ordinance, like a legislative enactment, may be good in part and bad in part. In such case the good [may be upheld and the bad rejected, unless the bad be so connected in subject matter with the good, and the two parts so dependent on each other, that the one cannot stand alone, or the presumption arises that the legislature would not have passed one without the other. *State v. Williams*, 77 Mo. 313, and authorities cited.

I take it that the exception contained in section 1275 is peculiarly a matter of defence. Had the court denied to the defendant the right accorded by the statute to interpose such defence, the question made by defendant would have merit. But the defendant was permitted to go fully into this line of defence. He, therefore, lost no valuable right on the trial.

II. The next error assigned is the action of the trial court in excluding from the jury a certain letter offered by defendant. The evidence showed that the defendant lived in the country, some distance from Linneus. He claimed that some time prior to his arrest he found stuck on a post on his farm a letter or notice addressed to him, conveying threats, etc. The notice was not signed by any one, and bore no date. If it were conceded that the preliminary proof adduced (which is questionable), had brought the notice within the rule authorizing its admission in evidence, we cannot see that defendant was possibly injured by its exclusion, or that the jury would, by any reasonable probability, have reached a different conclusion in their verdict. Under such circumstances it would be trifling with the administration of law to award a new trial. *State ex rel. Griggs v. Edwards*, 78 Mo. 473 ; Rev. Stat., sect. 3775.

The defendant was permitted to state all about this notice, that it was read to him, that it contained a threat against him.   He was even permitted to state to the jury whom he suspected of writing and posting it, and that these persons were in and about court in Linneus when he was arrested ; and, also, that his wife read it, and was greatly alarmed and agitated by its contents.   And one of his witnesses was allowed to state on the stand that, "after I heard it (the letter) read I said : 'if a man should write such a letter about me, I would make it warm for him.' "   Defendant certainly had the full benefit of the notice so far as it could impress the jury.   Superadded to all this, the defendant testified to the jury with much vehemence, that he had been threatened by parties then attending court, and was permitted to asperse his enemies by all manner of insinuations against them, and charges of theft.  Other witnesses testified to threats made against defendant, and that they communicated the fact to him, etc.   From all of which it is manifest that the defendant had the full benefit of the provision contained in said section 1275.   And it is wholly unreasonable to believe that the admission of the letter in evidence could have added one atom of strength to his cause with that jury.   *Carson v. Cummings*, 69 Mo. 325.

The defendant's conduct on the streets of Linneus at the time of his arrest, in exposing his pistols, drawing them out and flourishing them with ruffian bravado, in the absence of the enemies whom he now claims he was armed against, was well calculated to impress a jury of good and orderly citizens with the belief that the defendant was himself an outlaw, and that his defence was not in good faith.   At all events the jury saw and heard the witnesses of the prosecution and the defence.   With their province to judge of the weight of the evidence, the credibility of the witnesses, and the governing motive of the defendant, this court, under the circumstances, does not feel it to be a duty to interfere, and lift the hand of judgment from such an offender.

III.   Objection is made by defendant to the giving

and refusing of instructions. These objections we cannot consider. It is the well settled rule of practice that the appellate courts will not take notice of exceptions to the giving and refusing of instructions, unless the motion for new trial calls the attention of the trial court to such error. *State v. Preston,* 77 Mo. 294; *State v. Wakefield,* 77 Mo. 589; *Griffin v. Regan,* 79 Mo. 73; *State v. Barnett,* 81 Mo. 120. The motion for new trial in this case raised no question about the instructions. But very singularly the defendant, in his motion in arrest, made objection to the action of the court in giving and refusing instructions. The motion in arrest of judgment performs no such office as preserving incidents of the trial.

Other matters are discussed in the brief of counsel, but they are unimportant.

The judgment of the circuit court is affirmed. All concur.