W. H. KIMBERLIN, Appellant, v. JOHN L. Short, Respondent.

### Kansas City Court of Appeals, February 8, 1887.

1. PRACTICE—ERROR IN INSTRUCTIONS—WHEN NOT REGARDED IN APPELLATE COURT.—This court cannot take notice of an assignment of error for the refusal of instructions, when the attention of the trial court was not called to this error in the motion for a new trial.

2. —————————— PLEADING—REPLY TO ANSWER AMBIGUOUSLY—EFFECT OF AFTER VERDICT.—Where the allegation of the *answer* was, "that plaintiff, without just cause, discharged the defendant," and the *reply* was, "that plaintiff denies that he *discharged* defendant *without just cause.*" *Held*, that the *reply* went to the whole averment of the answer, and put both facts in issue, especially so after verdict.

3. ON MOTION FOR RE-HEARING—WHEN OPINION OF TRIAL COURT TREATED AS DECLARATIONS OF LAW.—When it appears from the record that the trial judge rejected all the declarations of law asked by the plaintiff, and that defendant asked none, and that the court, trying the case without a jury, proceeded to set out in an opinion filed therein its view of the facts and law leading to its conclusion, the opinion of the court may well be treated as declarations of law given by the court of its own motion, in the absence of any given in a more formal manner.

APPEAL from Jackson Circuit Court, HON. JAMES H. SLOVER, Judge.

*Reversed and remanded.*

*Motion for re-hearing denied.*

Statement of case by the court.

The plaintiff sued defendant to recover the sum of one hundred and twenty-five dollars, for money had and received. The answer, after tendering the general issue, pleaded that the plaintiff had made a contract with defendant in March, 1884, by which he had engaged the professional services of defendant to assist plaintiff in and about an eye and ear infirmary in Kansas City. The employment was for two years, at a stipulated price. That defendant entered plaintiff's service, and so continued until the first day of November, 1884, when the plaintiff without just cause dismissed the defendant. The answer pleads as a counter-claim the contract price for the residue of the period covered by the contract. To this the plaintiff replied, denying that defendant entered his service at the time stated, and putting in issue the allegation of discharge. It then alleged that defendant had wholly failed to keep and perform the contract on his part, with specific charges of defendant's refusal to obey the lawful orders of his principal; that he had, in violation of good faith and his trust, disclosed the contents of a letter from plaintiff, written while absent from the infirmary, to defendant respecting its management, etc.; that defendant, while in said employment, had spoken publicly and privately in a disrespectful manner of the inmates of the hospital, and circulated false and slanderous reports respecting them, to the great injury of the business; that he was guilty, on divers occasions, of rude and ungentlemanly conduct towards the female patients of the institution, while attending their place of business for treatment, whereby they were deterred from attending on the same in plaintiff's absence; and that defendant failed to account for and turn over to plaintiff moneys collected by him in said business, when demanded so to do.

The cause was submitted for trial before the court sitting as a jury. There was evidence tending to sup-

port the allegations of the petition, those of the answer and the reply. The court found the issue for the plaintiff as to the one hundred and twenty-five dollars, which allowed with interest; and then allowed defendant's counter-claim to the amount of $259.50, leaving a balance due defendant, after deducting the amount of plaintiff's claim, of $130.20, for which it rendered judgment in favor of defendant. The plaintiff prosecutes this appeal.

W. C. STEWART, for the appellant.

I. The court was bound to give the instructions asked by plaintiff unless they did not state the law of the case. *Davis v. Scripps*, 2 Mo. 187; *Cunningham v. Snow*, 82 Mo. 587; *Miller v. Brenecke*, 83 Mo. 163 and 42 Mo. 44.

II. The court erred in finding that defendant was entitled to any thing on his pretended set off. Plaintiff did not admit that he discharged defendant, but denied it, both in the pleadings and on the stand as a witness. The issue in the reply was to the *whole answer*. Steph. Plead. 381; Gould Plead. sect. 36; *Bank v. Hagan*, 47 Mo. 472; *Ellis v. Railroad*, 55 Mo. 278; *Doolittle v. Green*, 32 Iowa, 123; *Wall v. Water Co.*, 18 N. Y. 119.

III. The court's finding and judgment were not responsive to all the issues, but are evidently based on a partial consideration thereof, and the findings appear by the bill of exceptions.

IV. The court erred in overruling plaintiff's motion for a new trial, and also in overruling motion in arrest of judgment. *Erdbruegger v. Meier*, 14 Mo. App. —; *Mooney v. Kennett*, 19 Mo. 551; *Clark's Adm'r v. Railroad*, 36 Mo. 215; *Pitts v. Frigate*, 41 Mo. 405.

JOHN W. BEEBE, for the respondent.

I. The evidence supports the finding of the trial court that defendant was discharged without just cause

But even if doubtful the facts will not be reviewed here, upon appeal. *Miller v. Brenecke*, 83 Mo. 163.

II. The instructions asked for plaintiff were properly refused. They are incorrect in form and substance, and do not present the law applicable to the case.

III. A servant may fail faithfully to perform his duties and yet not be subject to an absolute discharge. The *conduct* of his employer may be such as to *excuse* his non-performance. The question whether just grounds existed for defendant's discharge was for the court to decide upon a consideration of all the facts and circumstances. 2 Kent's Comm. (11 Ed.) 288 ; *Sugg v. Blow,* 17 Mo. 359 ; *Callo v. Brouncker*, 4 C. & P. 518.

IV. The retention of the money collected was proper under the circumstances, as the finding of the court establishes the fact that plaintiff was liable for damages at the time defendant refused to turn over the money. *Smith v. Thompson*, 8 C. B. 52.

V. The fact of discharge is clearly established by the evidence and was so found by the court.

VI. *On motion for re-hearing.* The opinion of the trial court is no part of the record and cannot be treated as a special finding of facts or special verdict. *Weiland v. Lemuel*, 47 Mo. 322 ; *Gess v. Eubank*, 29 Mo. 248. Nor can it be considered as a declaration of law and is not to be reviewed here. *Hyeronimus v. Allison*, 52 Mo. 102 ; *Breckenridge v. Cass Co.*, 87 Mo. 70.

Philips, P. J.—I. The action of the trial court in refusing declarations of law asked by plaintiff is assigned for error. We cannot take notice of this assignment because the attention of the court was not called to this error in the motion for new trial. *Matlock v. Williams*, 59 Mo. 105 ; *Carner v. Thornhill*, 53 Mo. 283 ; *Joyce v. Murnahan*, 17 Mo. App. 11 ; *City of Linneus v. Dusky*, 19 Mo. App. 20 ; *Schlicke v. Gordon*, 19 Mo. App.

479 ; *Griffin v. Regan,* 79 Mo. 73; *State v. Burnett,* 81 Mo. 120.

II.   The chief object of having declarations of law, where the case is tried by the court sitting as a jury, is to ascertain upon what theory of the law the court reached its conclusion.   We are enabled to ascertain this fact in this case, because the court delivered a written opinion, which is preserved in the bill of exceptions.   The court found that the reply " admits the contract and the discharge."

We are of opinion that it is a misconstruction of the reply to hold that it admits the allegation of discharge of defendant by plaintiff, as alleged in the answer.   The allegation of the answer is, that "plaintiff, without just cause, discharged the defendant."   The reply is, that " plaintiff denies that he discharged defendant, without just cause."

It is questionable to my mind whether under the old system of pleading this reply was obnoxious to the objection of being a negative pregnant, or leaving it so ambiguous as to whether it was the intention of the pleader to put in issue the fact of discharge or of its justice, as to warrant the conclusion of the trial court.   Gould Plead. ch. 6, pt. 1, sect. 36.   Be this as it may, under our code of practice we hold that the reply went to the whole averment of the answer and put both facts in issue, especially so after verdict.   In *Wall v. The Buffalo Water Works Co.* (18 N. Y. 119), the averment was, that the plaintiff fell into a ditch, while walking in the street, as he lawfully might do, and without any fault or want of care on his part.   The denial of the answer was : " And the defendant denies that the plaintiff, without any fault or want of care on his part, did fall into the ditch."   It was held, after verdict, that this put in issue the fact of plaintiff falling into the ditch as well as the exercise of due care on his part; that while the answer may have been open to criticism as a species of negative

pregnant, the plaintiff, if dissatisfied with it for uncertainty, should have remedied the defect by appropriate motion.

A like ruling was made by the Supreme Court of Iowa, in *Doolittle v. Green*, 32 Ia. 123. And is, in effect, followed by our Supreme Court in *First Natl. Bank v. Hogan* (47 Mo. 472), and *Ells v. Railroad*, 55 Mo. 278.

The trial court, therefore, proceeded on a false assumption as to the legal effect of the pleadings. And as it was a most material matter at issue as to whether the defendant had in fact been discharged by the plaintiff when he left his service, the plaintiff was entitled to have this question fully and fairly considered by the trier of the fact, uninfluenced by any such consideration as that it was primarily resolved in favor of defendant by the pleadings.

It is true the court in its opinion laid some stress on the fact that a notice published by the plaintiff on the thirty-first day of October, 1884, stated that the defendant had been discharged; yet in view of the whole testimony relative to this issue we cannot divest ourselves of the impression that the conclusion of the court was largely influenced, in its analysis and summing up of the whole evidence, by its pre-conceived notion that the plaintiff had admitted the fact of discharge in his reply.

The interview between plaintiff and defendant, at which the discharge, if made at all, occurred, took place two days, or more, prior to the thirty-first of October. The evidence quite clearly showed that on the occasion of this interview the plaintiff informed the defendant that reports had come to him of his gross misconduct; that he would put the charges in written form; that he demanded of defendant that he cast up the book accounts, which seem to have been kept by defendant, to ascertain how much money he had coming to plaintiff, and should pay it over; and that he stood suspended until he did so, and made answer to or

explanation of the charges brought against him. Now it occurs to us that it can hardly be said, as a conclusion of law, that this amounted to a discharge *eo instanti*.

It was rather a suspension of the functions, for the time, of defendant as an assistant in the establishment, with authority to treat patients and collect funds. The intendment, rather, would be that defendant yet remained in service, as he was to be engaged for a reasonable time in straightening up the books, and was to have reasonable time, after the charges and complaints against him were put into written form, to answer to them or clear them up; and certainly while so engaged, and awaiting the charges, and for a reasonable time to make explanation, if he desired, he would have been entitled to demand pay as per contract.

On the contrary the strength of the evidence is, that without awaiting for a reasonable time, and on the same day, the defendant withdrew from the infirmary and engaged an office in the city apart from the plaintiff's business, and opened up for business on his own account. When asked, prior to the thirty-first of October, by a friend if he had been discharged he answered negatively. He also, prior to October 31, wrote a letter to one of the patrons of plaintiff's establishment informing him that he had set up for himself, and soliciting his patronage. The strong tendency of this evidence is that defendant had quit plaintiff's service prior to the thirty-first of October, and prior to any actual discharge. If this was true no subsequent act or declaration of the plaintiff could alter the legal effect and consequence of such voluntary withdrawal.

It is true that the defendant, in his own behalf, testified, in answer to a question quite leading in its form, that he had been discharged prior to the thirty-first of October. But this was rather a conclusion of law than the statement of the facts from which he drew such conclusion. The conversation upon which such fact alone could be predicated was not denied by him in direct terms.

Furthermore, his withdrawal without casting up the book accounts, or awaiting to make answer to the charges when reduced to writing, gave color to their truth, as well as his delinquency in accounting for and turning over the money collected by him for plaintiff. These acts might well have been the basis for the statement in the notice of October 31, that he was discharged.

The plaintiff was entitled to a clear announcement and finding to the effect, that if defendant did so quit the service of plaintiff on the statement that he stood suspended until he did the acts and things required, without more, he could not recover. The facts are for the jury, and the law arising thereon is for the court.

We think the ends of justice require a new trial. The judgment of the circuit court is, therefore, reversed, and the cause remanded. All concur.

## On Motion for Re-hearing.

PER CURIAM.—It is insisted by respondent that the foregoing opinion is wrong, principally, in two respects: First, because the court could not consider the grounds of decision by the trial court as stated in the opinion filed therein by the judge; and, second, even if we could look to the opinion, our construction of the pleadings is in conflict with a recent decision of the Supreme Court.

I. As to the first objection, we have only to add to what has already been said in the opinion delivered herein, that the trial judge rejected all the declarations of law asked by the plaintiff, and as the defendant asked none, the court, trying the case without a jury, proceeded to set out, in an opinion filed therein, its view of the facts and law leading to its conclusion. In such case we think the opinion of the court may well be "treated as declarations of law given by him of his own motion, in the absence of any given in a more formal

manner." *Hanel v. Freund*, 17 Mo. App. 618, 621. While such reasons, so given by the trial judge, could not lead to a reversal, if he gave a wrong reason for a just conclusion, yet, in a case like this, where we are strongly persuaded that the conclusion reached by the trial court is not well sustained by the evidence, the discovery by us of the fact, disclosed by his opinion preserved in the bill of exceptions, that he was probably led to such conclusion on a false assumption as to the facts admitted by the pleadings, justified the advantage taken of it in the opinion herein.

II. In support of the proposition that the opinion is in conflict with a recent holding of the Supreme Court, we are referred to the opinion of Sherwood, J., in *Breckenridge v. The American Insurance Company* (87 Mo. 69–70).

The cases are not parallel. As to the first pleading construed, so far as we are enabled, from the meager statement of the opinion, to gather, it would seem that the averment of the petition was, that the building in question was burned on November 28, 1879. The answer was, that defendant denies the destruction of the property *as alleged.* The court held that this was tantamount to an admission that the house was burned, but not on the day or in the way alleged.

This is, obviously, quite different from an answer denying the matter affirmed in the language of the affirmation. By saying he denied the destruction as alleged, merely put in issue the date and manner, and not the fact, of destruction ; and, that such was the intention of the pleader, is evidenced by the subsequent parts of his answer in which he, in effect, conceded the burning.

The next allegation of the petition was, that "the policy was assigned on the fifteenth day of October, 1879, by McMillan to plaintiff, and that said assignment was approved in writing by the regular agents of the defendant at Springfield, Missouri." The answer was :

" Defendant denies that it ever consented to said pretended assignment of said policy, and that the acts of its agents at Springfield, in consenting thereto, was made without any authority conferred on them by this defendant."

As a matter of course, this was not a denial of the existence of the agency, or of their act of approval of the assignment. It only put in issue the want of authority of the agents to do the act.

Palpably, there is no conflict between this and what is held in the adjudications cited in the opinion. The distinction is a good one, and we shall adhere to it until overruled by the Supreme Court, that a denial in the terms of the averment of the petition will be deemed sufficient after verdict, to put in issue all the facts thus blended in the petition in one sentence. The pleader who sees fit to thus blend two separate facts, that he was discharged without just cause, ought not to be allowed, after going to trial without objection, to claim that the answer denying the averment as made in its very terms, admits the fact of discharge. Had the denial been, that he denied he discharged defendant *as alleged*, it would have put in issue only the justice of the discharge.

We are satisfied, on a review of the evidence, that the plaintiff ought to have a new trial in this case.

The motion for re-hearing is denied. All concur.