BETTIE MAHAN, Respondent, v. SCHOOL DISTRICT No. 1,
TOWNSHIP 36, RANGES 15 AND 16, Appellant.

St. Louis Court of Appeals, February 14, 1888.

PRACTICE—MOTION FOR NEW TRIAL, WHEN NECESSARY.—The objec-
tion, that there was an insufficiency of evidence to warrant the
judgment rendered, cannot be considered on appeal, when no
motion for a new trial was filed in the court below. A motion in
arrest does not reach the objection.

APPEAL from the Laclede Circuit Court, HON. W.
I. WALLACE, Judge.

*Affirmed.*

G. W. BRADFIELD and R. W. FYAN, for the appel-
lant.

NIXON, HELLERMAN & MORAN, for the respondent:
The objection in substance is, that there is a failure of
proof to support the finding which, if an error, could
only be preserved by motion for new trial, of which
there is none in this case. *Putnam v. Railroad*, 22 Mo.
App. 589; *Blakely v. Railroad*, 79 Mo. 388. The ap-
pellate court is precluded from an examination of errors
arising at the trial of this case; there is no motion for
new trial. The motion in arrest cannot be taken as a
substitute for a motion for new trial. *White, Ex'r, v.
Caldwell*, 17 Mo. App. 691.

ROMBAUER, J., delivered the opinion of the court.
This cause was tried by the court without the inter-
vention of a jury, partly upon an alleged statement of
facts and partly on evidence adduced by plaintiff. The
trial resulted in a judgment for plaintiff.

The defendant, appealing, assigns for error, that
the agreed statement of facts and evidence adduced by

plaintiff, were not sufficient to warrant the judgment rendered. This exception is not properly before us, as no motion for new trial was ever filed in the case.

The defendant did, in due time, file a motion in arrest of judgment, which is, perhaps, in substance, a motion for new trial, but this is no compliance with the law, as the office of a motion in arrest of judgment is to direct the attention of the trial court to errors appearing on the record proper. *Gilstrap v. Felts*, 50 Mo. 428; *Burdsal v. Davies*, 58 Mo. 138; *Cox v. Moss*, 53 Mo. 432; *White v. Caldwell*, 17 Mo. App. 692. This court cannot consider an objection based on the want of evidence, if the attention of the trial court was not called to it in the motion for new trial. *Blakely v. Railroad*, 79 Mo. 388. In fact, a motion in arrest presupposes the verdict to be right (*McComas v. State*, 11 Mo. 116; *Farmer's Bank v. Bayliss*, 41 Mo. 275, 286); and can never be used as a substitute for the motion for new trial. *Carrington v. Hancock*, 23 Mo. App. 300.

It results that the judgment must be affirmed. All the judges concurring, it is so ordered.