BROWNING v. POWERS, *Administrator, Appellant.*

Division One, January 18, 1898.

1. Supreme Court: JURISDICTION: CONSTITUTIONAL QUESTION. The Supreme Court has no jurisdiction of an appeal, on the ground that a constitutional question is involved, unless the question was raised in and submitted to the trial court.

2. ———: ———: ———. An act of the General Assembly of the State fixed the time for holding one of the terms of the De Kalb circuit court. Plaintiff recovered a verdict for slander at a term of court held at the time prescribed by the General Assembly. Defendant filed a motion in arrest of the judgment, charging that said act was not passed in accordance with the forms required by the Constitution and was therefore unconstitutional. Journals of the Senate and House were offered in evidence in support of said motion, but it was overruled. *Held,* that a constitutional question can not be raised for the first time by motion in arrest of judgment, and that the Supreme Court has no jurisdiction of this appeal.

*Appeal from De Kalb Circuit Court.*—HON. WILLIAM S. HERNDON, Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*S. G. Loring* for appellant.

(1) The act of the General Assembly to re-district the State into judicial circuits, having never become a law in a constitutional manner, the court could not exercise its jurisdiction at the times prescribed by said substitute bill, and its judgment in this case at the pretended June term, 1893, of said court, was null and void for that reason. Const. Mo., art. IV, secs. 30, 31 and

32; 13 Am. and Eng. Ency. Law, 296; *Stovall v. Emmerson*, 20 Mo. App. 322.

*Casteel & Haynes* and *Harwood & Hubbell* for respondent.

A constitutional question, if there was one in the case, had to be raised on the record proper, and in some manner brought to the attention of the trial court before verdict, in order to get it before this court on appeal so as to give this court jurisdiction of cases that otherwise would go for review to the courts of appeal. There is no constitutional question in this case. The question is not in the record, and therefore not before this court.

MACFARLANE, J.—This action for slander was tried in the circuit court of De Kalb county, at the June term, 1893, in accordance with an act of the General Assembly of the State fixing the first Monday in June as the time for holding one of the terms of said court in said county.

After a trial and verdict in favor of plaintiff for $650, defendant filed a motion in arrest of the judgment, charging as grounds therefor that said act was not passed in accordance with the forms required by the Constitution of the State, and was therefore unconstitutional. In support of the motion defendant offered in evidence the journals of the Senate and House of Representatives. The motion was overruled by the court and defendant appealed. Plaintiff files in this court a motion to transfer the appeal to the Kansas City Court of Appeals. Defendant asserts the jurisdiction of this court on the ground that the constitutionality of the act in question is involved.

The question is, whether or not the constitutionality of the act could be brought in question after verdict, by a motion in arrest of judgment.

The appellate jurisdiction of the Supreme Court contemplates a review only of the matters submitted to, and examined and determined by the trial court. Hence it is well settled that this court has no jurisdiction of an appeal, on the ground that a constitutional question is involved, unless the question was raised in and submitted to the trial court. The Supreme Court has attempted to lay down no rule, as to the manner of raising such question, but it is said that "it should at least be fairly and directly presented by some of the methods recognized by the practice and procedure of the court." *Bennett v. Railroad*, 105 Mo. 645.

Arrest of judgment is defined to be "the act of staying a judgment, or refusing to render judgment, in actions at law and in criminal cases, after verdict, for some matter intrinsic, appearing on the face of the record, which would render the judgment, if given, erroneous or reversible." 2 Ency. Pl. and Pr. 794, and authorities cited in note. "The question, raised by a motion in arrest of judgment, is a question of *law*, arising from the face of the record; judgments being arrested only for intrinsic causes, *i. e.*, such only as are *apparent* on the record." Gould on Pl. 460; Andrews Stephens, Pld. 185. These principles are elementary. *Gilstrap v. Felts*, 50 Mo. 428; *Cox v. Moss*, 53 Mo. 432; *State to use v. Bonner*, 5 Mo. App. 13; *White v. Caldwell*, 17 Mo. App. 691.

It is therefore manifest that the constitutional question was not raised in the circuit court by any method recognized by the practice and procedure of the courts. The act fixing the time for holding the court in DeKalb county was presumptively valid, and nothing appeared upon the face of the record of the case showing any want of conformity to the requirements of the Constitution in its passage. The question could not be raised by motion in arrest of judgment. The jurisdiction is

State ex inf. v. Equitable Loan & Inv. Co.

therefore with the Kansas City Court of Appeals, to which it is ordered that the case be transferred. ROBINSON and BRACE, JJ., concur; BARCLAY, C. J., concurs in the result.