EZEKIEL SAULSBURY, Plaintiff in Error, *v.* AUGUSTUS W. ALEXANDER, Defendant in Error.

1. *Practice, civil* — Indebitatus assumpsit — *Motion in arrest, when proper.*— A petition which sets forth that defendant owes plaintiff a given sum for work done and cash lent, is informal and defective; but where defendants answer over, without demurrer or motion, tendering an issue of fact on the allegations, and the case proceeds to trial and verdict, it is too late afterwards to move in arrest on the ground that the petition showed no cause of action. Such motion should be entertained only in case of substantial omissions, and not in case of those which are merely informal. The latter are supplied by intendment, and will be presumed after verdict to be proved.

*Error to St. Louis Circuit Court.*

*Bowman & Smith*, for plaintiff in error.

I. The petition is sufficient to sustain the judgment. (See Wing v. Campbell, 15 Mo. 276; Gramp v. Dunnivant, 23 Mo. 254.)

II. The answer of the defendant explicitly sets forth the thing alleged to have been omitted in the petition, and the reply of the

plaintiff admits it, and the court will examine the whole pleadings to see what issues are made by them. (Kercheval v. King *et al.*, 44 Mo. 401.)

III. Although a pleading be defective, yet after judgment, if it appear that the verdict could not have been rendered without proof of the matters omitted in the pleadings, the defect will be cured by verdict, and judgment will be arrested. For it is a well settled principle that if the issue joined be such as necessarily requires, on the trial, proof of the facts defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct or the jury would have given the verdict, such defect or omission is cured by the verdict. (Pangh-burn v. Ramsey, 11 Johns. 141; 2 Johns. 550; 7 Mo. 314; 8 Mo. 512; 33 Mo. 386; 36 Mo. 35; 39 Mo. 287; Wagn. Stat. 1036, art. VIII, § 19, subd. 9.)

*E. C. Kehr*, for defendant in error.

I. A petition which does not show a cause of action by its averments, without reference to exhibits filed, is bad upon demur-rer or on motion in arrest. (Langford v. Sanger, 40 Mo. 160; Bowling v. McFarland, 38 Mo. 465; State, etc., v. Martin, *id.* 489; Wells v. Pacific R.R., 35 Mo. 164; Frazer v. Roberts, 32 Mo. 457; Kercheval v. King, 44 Mo. 401; Welch v. Bryan, 28 Mo. 30; Moore v. Platte County, 8 Mo. 467.)

II. In Gramp v. Dunnivant, 23 Mo. 254, the petition alleged that the work was done and materials found for the defendant. In the case at bar, "for the defendant" is left out. The peti-tion, moreover, in Gramp v. Dunnivant was upheld because it was in accordance with the forms accompanying the practice act of 1849. Those forms no longer have the sanction of legislative enactment, as was decided in Bowling v. McFarland, 38 Mo. 465.

III. The plaintiff can derive no aid from the answer or reply. Is the petition sufficient? is the only question.

BLISS, Judge, delivered the opinion of the court.

The petition, after the title and venue, commences as follows: "Plaintiff states that defendant owes him $317 for work done

and cash lent, the particulars of which appear from the following account;" then follows the account, and the pleading concludes with a statement of the balance due, and asks judgment. There was no demurrer or motion, but defendant answered that the work was done by the plaintiff for him as a builder, but in an unskillful and unworkmanlike manner, and that he had already been paid more than it was worth. The case was tried by a jury, who gave a verdict for $200, and judgment was arrested on defendant's motion because the petition did not show a cause of action. In this I think the court committed error. The petition is informal and defective, and there are some cases that seem to warrant the view taken by the court, but the tendency of our more recent decisions has been to require all objections of form to be taken before the parties proceed to trial. It is wrong to give them any countenance after the expense of a trial upon the merits.

The issue upon which the trial was had was really tendered by the defendant. He admitted that the plaintiff worked for him, though the fact was but defectively alleged, and charged unskillfulness in its performance. Upon a denial of this charge the jury rendered their verdict. Now it is altogether unconscionable to permit him to arrest the judgment because the charge, which he admitted in full, was defectively laid.

When we say that a judgment should be arrested if the petition fails to show a cause of action, we speak of substantial and not of formal omissions. The latter are supplied by intendment, and will be presumed after verdict to have been proved. But when the petition shows that the plaintiff has no cause of action, then a verdict should be treated as a nullity, and it would be error to render judgment upon it. The judgment is the sentence of the law upon the facts proved or admitted, and when the pleadings show that a judgment should not be rendered upon the facts as set out, it should be arrested. But if the defects are merely of omission, and if, when supplied, a complete case would be made, the omission being of facts which the jury must have found, then the judgment is a legitimate sentence of the law.

In this pleading the account is made a part of the petition, being embodied in it instead of being filed with it; and even if

the answer had been a simple denial, the defendant could not have been misled. The admissions, however, of defendant upon the record, that the work was done for him, should estop him from asking for an arrest because of the omission to charge that fact in the petition.

The judgment in arrest is reversed and the cause remanded.