FREDERICK H. WEBER, Respondent, *v.* UNION MUTUAL LIFE INSURANCE COMPANY OF MAINE, Appellant.

### January 2, 1878.

1. A petition which states that plaintiff was employed by defendant for one year, at a stated price per month; that plaintiff worked for "several months" under the agreement, and was willing to work the remaining period of the term, but that "defendant failed and refused to comply in any manner with the terms of the contract," and "failed and refused to pay plaintiff for the services rendered;" and which asks for judgment for the year's salary, is bad for failure to set up facts constituting a cause of action, and advantage may be taken thereof by motion in arrest.

2. Though the breach alleged may justify plaintiff in abandoning the work, and may entitle him to recover for the services performed, it will not authorize a recovery for the work unperformed.

3. Under such a petition, it is error to admit testimony that defendant refused to carry out the contract by failing to comply with the law of the State where plaintiff was employed to work, thus rendering it impossible for plaintiff to act without exposing himself to a criminal prosecution. The pleadings gave defendant no notice of the character of the evidence, so that he might prepare to meet it.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

PATTISON & DOOLEY, for appellant: A petition must state all the facts constituting a cause of action. — *Garvey* v.

*Fowler*, 4 Sandf. 667 ; *Pier* v. *Heinrichoffen*, 52 Mo. 333 ;
*Bayse* v. *Ambrose*, 32 Mo. 484 ; *Eyerman* v. *Cemetery Assn.*,
61 Mo. 489 ; *Marsh* v. *Richards*, 29 Mo. 99 ; *Jennings* v.
*Lyons*, 39 Wis. 553 ; *Smith* v. *Brown*, 17 Barb. 431. A
failure to pay for services performed under a contract is
such a breach of the contract as will justify an abandonment
of the work, and will authorize a recovery for the work per-
formed. — *Fitzgerald* v. *Hayward*, 50 Mo. 524. The failure
to state facts sufficient to constitute a cause of action is not
waived by failure to demur, and the question may be raised
by motion in arrest. — Wag. Stat. 1015, sec. 10 ; *Pickering*
v. *Telegraph Co.*, 47 Mo. 157 ; *House* v. *Powell*, 45 Mo. 381.

CHANDLER & YOUNG, for respondent : A judgment will
not be set aside on motion in arrest because of any omission
in the pleadings for which a demurrer, if interposed, would
have been sustained. — Wag. Stat. 1034, sec. 5 ; 1036, secs.
19, 20 ; 1037, sec. 20 ; *Dean* v. *La Motte*, 59 Mo. 525.
"Appellate courts will not reverse on objections to testimony,
where the grounds of objection are not set out."—*Capitol
Bank* v. *Armstrong*, 62 Mo. 69. A party cannot object to
instructions given at his own request. —*Crutchfield* v. *Rail-
way Co.*, 64 Mo. 257.

BAKEWELL, J., delivered the opinion of the court.

The petition of plaintiff, after setting forth that defendant
is a corporation under the laws of Maine, engaged in the
insurance business, and having authority to carry on its
business throughout the Union ; that it had an office and
agents in the city of St. Louis ; and that, on April 1, 1874,
defendant employed plaintiff to work for it in Kansas, in
securing applications for insurance, — proceeds in the follow-
ing words : " Defendant employed plaintiff for the term of
one year, from and after the said first day of April, 1874,
and agreed to pay plaintiff, for his services as aforesaid,
the sums of one hundred and fifty dollars per month, and
the amount of his expenses during said year ; that plaintiff

fully agreed to the terms of said contract of employment as aforesaid, and, in pursuance of the terms of said employment, entered into the service of said defendant, and into the discharge of the services which he was employed by defendant to perform ; and that plaintiff did and performed services in and about the prosecution of defendant's business, and in securing applications for insurance in defendant in the said State of Kansas, for several months ; but that defendant failed and refused to perform and carry out the conditions of the said contract on its part to be performed, and failed and refused to pay the plaintiff for the services rendered by him in pursuance of said contract, and failed and refused to comply in any manner with the terms and conditions of said contract ; that plaintiff held himself at all times ready and willing to perform the services to be by him performed as aforesaid, and to fully comply with the terms of said contract on his part during the time of the continuance of said contract ; that plaintiff's expenses during the year, commencing the first day of April, 1874, were the sum of twelve hundred dollars ; that defendant has never paid the plaintiff the said sums for his salary and expenses, nor any part thereof, and, though requested so to do, has failed and refused, and still fails and refuses to pay the same, or any part thereof, and that the same is still due and owing to plaintiff." The plaintiff asks judgment for $3,000. The answer was a general denial.

On the trial, defendant objected to the introduction of any testimony, on the ground that no cause of action was stated in the petition. Plaintiff introduced testimony tending to show that at the date alleged, whilst residing in Kansas, he made a contract with Chapman, the general agent of defendant, to work for defendant for one year in Kansas, as its general agent in that State, at $150 a month and his expenses ; that he worked thus, under the contract, for two months, and secured certain applications for the company, which he sent to the general agent in St. Louis,

to be forwarded to the home office, and on which policies were issued; and that he did not work longer than two months, because the defendant neglected to comply with the insurance laws of Kansas, and, by receiving applications under such circumstances, plaintiff was liable to punishment under the Kansas laws. Plaintiff testified that he remained a year in Kansas, ready and willing to comply with his contract so soon as defendant complied with the Kansas law, so that he could safely do so; and gave evidence as to his expenses about the business of the company. At the close of plaintiff's case, defendant asked an instruction in the nature of a demurrer to the evidence, and it was overruled.

Defendant then introduced evidence tending to show who were the officers and agents of defendant; where they were situated, and their respective duties; also the charter of defendant, and its written appointment of Chapman as general agent of defendant for Missouri and part of Illinois.

Instructions were asked and given on either side, and some instructions asked by defendant were refused. It is not necessary, for the purposes of this opinion, to set them out. There was a verdict and judgment for plaintiff for $1,900. A motion in arrest of judgment, and a motion for a new trial, were overruled; and defendant appeals.

We are of opinion that the motion in arrest of judgment should have been sustained. Whether defendant demurs or not, he may, by motion in arrest or otherwise, show that the petition does not set forth facts sufficient to constitute a cause of action. This is not a defect of form at all; and it is not cured by verdict. Where the pleader omits the explicit statement of some fact essentially necessary to be proved, but as to which it is manifest that it must have been proved on the trial, or no jury could have found and no court received the verdict, the want of stating this material fact in express terms, if the petition contains allegations sufficiently general to comprehend it in fair and reasonable intendment, will not necessarily be fatal after

verdict. This was the common-law rule; and, though a main object of the Code was to give fuller notice to the defendant than was always done at common law, and to furnish rules by which certain and single and material issues may be more readily arrived at, such is still the rule under the Code. Thus, where plaintiff sued for work done and cash furnished, and omitted to say " by the plaintiff," the omission of the words " by the plaintiff" was held to go to the form, and not to the substance, as the defendant could not be misled by the omission. *Saulsbury* v. *Alexander*, 50 Mo. 144. And where the copartnership of plaintiffs was not formally alleged in the body of the petition, but was set out in the caption, this omission was not held to be fatal. *Richardson* v. *Farmer*, 36 Mo. 45. But facts constituting the cause of action must be sufficiently stated in the petition under the Code; otherwise, the defendant has no notice of the nature of the evidence he must prepare to meet; and a petition which would have been held good at common law may, under our system of practice, be bad, even after verdict, for want of a sufficiently definite statement of constitutive facts. In a suit on a promissory note, for instance, where facts exist dispensing with diligence in giving notice to the indorser of presentment, and non-payment by the maker, an averment of due presentment and notice would, at common law, let in proof of any state of facts showing an excuse according to the custom of merchants. But it is not so under the Code. 32 Mo. 457, 484; 45 Mo. 382; *Pier* v. *Heinrichoffen*, 52 Mo. 333.

The petition in the present case shows that plaintiff did not perform the alleged contract on his part. The contract was for twelve months, and plaintiff says he worked for a part of that time, and was ready and willing to work during the remaining period of his term of service, and that defendant failed to carry out the conditions of the contract on its part; but the only failure specifically alleged is a failure to pay plaintiff his salary. This simple breach of

the contract would not authorize a recovery for unperformed work, however it might justify plaintiff in abandoning the work and entitle him to recover for work already done. *Fitzgerald* v. *Hayward*, 50 Mo. 524. And, under this allegation, plaintiff could not introduce evidence that defendant had not complied with the laws of Kansas in the matter of insurance, because plaintiff had no notice that such evidence would be introduced, and might not be prepared to meet it. His demurrer to the evidence should, therefore, have been sustained; and, as this was not done, the judgment should have been arrested below, and must be reversed here.

We do not conceive it to be our duty to pass upon the other questions arising upon the record, and to which our attention is called by counsel. We cannot know that they will arise upon a second trial of the case.

The judgment is reversed and the cause remanded. All the judges concur.