The Enterprise Coal Company, Respondent, v. The Liberty Brewing Company, Appellant.

St. Louis Court of Appeals, December 8, 1885.

1. Pleadings—Admissions—Practice. — Admissions in an answer, which are in aid of a defectively stated cause of action, will avail to uphold the judgment, although such answer is withdrawn after the close of the testimony, and another, containing no such admissions, is filed in lieu thereof.

2. ——— Aider by Verdict.—A defective statement, from which the omitted averments can be fairly inferred, is good after verdict.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Affirmed.*

BROADHEAD & HAUESSLER, for the appellant: The petition did not state a cause of action. *Campbell v. Lambert,* 36 La. 35; *Jones v. Durgin,* 16 Mo. App. 370; *Brecheisen v. Coffey,* 15 Mo. App. 83.

NATHAN FRANK, for the respondent.: The word "agreed" means something; at any rate, where the defendant answers over, tendering an issue of fact, and the case proceeds to trial and verdict, it is too late to move in arrest on the ground that the petition showed no cause of action. *Pickering v. Tel. Co.,* 47 Mo. 457; *Saulsbury v. Alexander,* 50 Mo. 142.

ROMBAUER, J., delivered the opinion of the court.

A judgment for one hundred dollars having been rendered against the defendant by the trial court, it moved in arrest of judgment, on the ground that the petition fails to state any cause of action. The same objection is made here, and is the sole question presented for our consideration.

The petition states, that on the eighteenth day of September, 1883, the plaintiff agreed with the defendant to sell and deliver to it, the said defendant, for the space of one year from that date, all the coal the defendant should need, use, and require in running and operating its brewing business, at the rate and price of nine cents per bushel; that said coal should be delivered from time to time, as so needed and required for use by the defendant.

The petition then states the amount of coal that the defendant so used and required, a willingness on the plaintiff's part to comply with their contract, a refusal on the part of the defendant to receive coal after a cer-

tain date, and facts to justify the finding, as far as the *quantum* of damages is concerned.

The defendant's answer, as read to the jury, by itself, although amended after the close of the evidence, contained a general denial, and this affirmative defence : "The defendant further answering herein, avers the truth to be that in the year 1883, plaintiff contracted and agreed to sell and deliver to defendant all the coal it might require for use at its brewery for one year from September 1, 1883, at nine cents per bushel, the same to be the best Illinois screened coal. That defendant, until about June 6, 1884, received coal of plaintiff, and paid for all it received, as agreed, but the same was of such a poor and worthless quality, that it refused to receive any more from plaintiff ; and it avers that the coal delivered was not of the best Illinois screened coal, and in no manner was of the quality agreed to be delivered, but that plaintiff failed, neglected, and refused to comply with its contract to defendant's damage in the sum of two hundred dollars, for which," etc.

The parties went to trial on these pleadings, and all the evidence offered, was offered and received, on the one hand, to substantiate the plaintiff's claim of a valid contract for one year's delivery, on the other, to make out the defendant's special defence as herein set out.

After the close of the evidence, the court permitted the defendant to change its answer into a general denial. The court should not have permitted this amendment, because it was not made in furtherance of justice. This action of the court, however, could not lessen the effect of the admissions contained in the defendant's first answer, read by the defendant to the jury, and which both the plaintiff and the court had a right to consider as evidence. These admissions recognize a valid agreement on the part of the plaintiff, to furnish coal of a certain quality, for a certain period, at a fixed price, and the correlative obligation on the part of the defendant to receive such coal during such period, and to pay for it

the price specified, must be implied. *Lewis v. Atlas Ins. Co.*, 61 Mo. 538.

While the petition is very inartificially drawn, it is not so defective in stating substantive facts as to render it incapable of being aided by verdict. We are of opinion that under the very liberal rule now prevailing in this state, it is sufficient to support a judgment. *Saulsbury v. Alexander*, 50 Mo. 142; *Bowie v. Kansas City*, 51 Mo. 461; *Berthold v. Clay Fire Ins. Co.*, 2 Mo. App. 315.

The judgment is affirmed. All the judges concur.