M. D. CARRINGTON ET AL., Respondents, v. PETER
HANCOCK ET AL., Appellants.

St. Louis Court of Appeals, November 9, 1886.

23  299
118m 196

1. APPELLATE PROCEDURE—MOTIONS—NEW TRIAL—ARREST OF JUDG
MENT.—A motion for new trial, filed after a motion in arrest of
judgment has been overruled, will not authorize an appellate cour-
to review matters of exception saved at the trial.

2. ———. DEFECTS CURED BY VERDICT.—If the petition states facts
essential to the plaintiff's recovery, defects in its form are cured by
verdict, and can not be reached by a motion in arrest of judgment.

APPEAL from the Clarke County Circuit Court, BEN.
E. TURNER, Judge.

*Affirmed.*

MATLOCK, HILLER & HOWARD, and ANDERSON,
DAVIS & HAGERMAN, for the appellants.

DYER, LEE & ELLIS, for the respondents.

ROMBAUER, J., delivered the opinion of the court.

This cause has been fully and ably argued before us
on several points, but owing to the peculiar state of the
record, the only point we are at liberty to consider is
whether the petition states facts sufficient to constitute
a cause of action.

It appears by the transcript that a motion in arrest
of judgment was filed and overruled prior to filing any
motion for a new trial. The case of *McComas v. The
State* (11 Mo. 116), decides that a motion for new trial
comes too late after motion in arrest, as the latter pre-
supposes the verdict to be right. This rule was subse-
quently modified in *Farmers Bank v. Bayliss* (41 Mo.
275, 286), to the extent that where both motions are filed

on the same day, and the motion for new trial is first disposed of, the latter motion may be considered on appeal, but the rule was re-affirmed to the extent that after the overruling of a motion in arrest it is too late to file a motion for new trial, and such is still the law in this state.

It has been ably argued by counsel for the appellants that it is illogical to hold that parties intended to waive errors in the trial by a motion in arrest which expressly asserts such errors, and is in substance both a motion for new trial and in arrest, as the present motion. Plausible as this argument may seem, we are bound to follow the last controlling decision of the supreme court, and are not at liberty to explain it away because, perchance in our opinion, it may not rest on a logical foundation. No rule which is not certain can be just.

The action is one to recover a balance claimed to be due to the plaintiffs from the defendants on a running account. The petition states that "from the —— day of——, 1881, up to and after the ninth day of November, 1882, the said plaintiffs bought and sold for the defendants various lots of grain, etc., all of which will fully appear by the itemized account of said dealing which is herewith filed."

The appellants claim that the petition is insufficient in not averring that the grain was bought and sold at the defendants' request. This defect, if any it be, is not the omission of an essential averment, but at most its inartificial statement, and is cured by verdict. *Coal Company v. Brewing Co.*, 20 Mo. App. 16, 19.

The judgment is affirmed. All the judges concur.