# FAIRBANKS, MORSE & COMPANY, Respondent, v. MIDVALE MINING & MANUFACTURING COMPANY, Appellant.

### St. Louis Court of Appeals, March 29, 1904.

1. **PLEADING: Tacit Admission of Answer: Defective Petition Cured by.** In an action for the purchase price of chattels, which the petition alleged were sold under a contract, consisting of a letter from plaintiff quoting the price and conditions of sale, and a letter of defendant accepting the offer but stating terms of payment, where the answer, after a general denial, seeks to avoid the obligation by alleging failure on plaintiff's part to perform the conditions of the contract, on its part, such allegation of the answer was a tacit admission that the offer of sale was accepted unconditionally and the contract fully agreed upon, and removed the necessity of an allegation in the petition to that effect.

2. **SALES: Delivery.** In an action on a contract for the purchase price of goods sold, when the place of delivery is named in the contract, plaintiff must allege and prove a delivery or tender of delivery at the place named in the contract, or a sufficient excuse for non-tender.

3. **———: ———: Pleadings: Waiver.** Where the petition alleged delivery at one place and the contract set up required delivery at another place, but the answer alleged that "when plaintiff offered to deliver (the goods), the defendant refused to accept them at the time and in the manner offered because great loss would thereby ensue to" defendant, this allegation of the answer showed a waiver of delivery at the place provided in the contract.

4. **PLEADINGS: Warranty: Aiding Defective Allegation.** The failure of the petition to allege that the chattels delivered were of the quality warranted in the contract, was aided by an allegation that defendant received and accepted them, the latter allegation carried with it the implication that the goods were of the kind warranted.

5. **SALES: Measure of Damages.** The measure of damages in action for goods sold and delivered on special contract, is the contract price with legal interest from the date payment is due.

Appeal from St. Louis City Circuit Court.—*Hon. John A. Blevins,* Judge.

AFFIRMED.

*Thos. A. Russell* for appellant.

(1) The trial court should have sustained the objection of defendant to the introduction of any testimony. Failing to do this, the court should have given the instruction in the nature of a demurrer to the evidence at the end of plaintiff's case. (a) Plaintiff on its part complied with all the terms of the contract sued on. Weber v. Ins. Co., 5 Mo. App. 51; Parks v. Heman, 7 Mo. App. 18; McNees v. Ins. Co., 61 Mo. App. 335. (b) The delivery of scale f. o. b. East St. Louis, was a condition precedent to recovery, and plaintiff must allege in its petition that it performed this condition of the contract on its part. Bayse v. Ambrose, 32 Mo. 484; Denny v. Kile, 16 Mo. 450; Turner v. Mellier, 59 Mo. 535; Larrimore v. Tyler, 88 Mo. 661; Roy v. Botelor, 40 Mo. App. 222; Price v. P. & F. Co., 77 Mo. App. 240; Lumber Co. v. Lumber Co., 89 Mo. App. 144; R. S. 1899, sec. 634. Every fact which plaintiff must prove to maintain its suit is constitutive and must be alleged. Pier v. Heinrichhoffin, 52 Mo. 333; Sidway v. Mo. Stock Co., 163 Mo. 375; Harrison v. Kansas City, 50 Mo. App. 336. (c) The contract required the scale to be delivered f. o. b. East St. Louis, and the petition alleges "plaintiff delivered said scale at and upon the premises of defendant," thereby negativing the fact that it delivered the scales as the contract requires. If this contract was modified so that the vendor could deliver the scale upon the defendant's premises such change should have been pleaded, and failing to do so, no evidence of such modification was admissible. Wilson v. Russeler, etc., 91 Mo. App. 280; Halpin v. School District, 54 Mo. App. 375. (d) The plaintiff contracted to furnish, free of charge, an expert scale builder to frame timbers and superintend erection of scale. The petition fails to allege that plaintiff furnished or offered to furnish an expert to do this work. (e) The con-

tract provides: "We guarantee the scale to be our best grade, durable and accurate, in fact, a perfect weighing machine." There is no allegation that plaintiff delivered or offered to deliver a scale of that character. Fruit Co. v. McKinney, 65 Mo. App. 220; Silberman v. Clark, 96 N. Y. 522. (2) Both the pleading and evidence demonstrate that plaintiff is not entitled to recover. In order to recover for a breach of contract, plaintiff must aver and prove performance on its part. Billups v. Daggs, 38 Mo. App. 367; Fuchs v. St. Louis, 133 Mo. 197.

*Jones, Jones & Hocker* for respondent.

(1) There was abundant evidence to support the findings of fact made by the court; in fact, the appellant does not contend that the findings of fact made by the court are unsupported by the evidence. This court will therefore assume the facts to be as found by the lower court in passing upon the points involved. Nichols v. Carter, 49 Mo. App. 405. (2) Appellant's first point is that the pleadings and evidence show that the plaintiff did not comply with the written contract sued on, and that it did not allege and show that the scales were delivered f. o. b. East St. Louis, as the contract required. We take issue with the appellant in assuming that the contract required the scales to be delivered f. o. b. East St. Louis. Lumber Co. v. Railroad, 54 Neb. 325; Company v. Coal & Coke Company, 101 Ala. 481; Fruit Co. v. McKinney, 65 Mo. App. 220. (3) Appellant next contends that plaintiff did not offer defendant a scale of the best grade, a durable and a perfect weighing machine as it guaranteed. If the plaintiff failed to live up to its warranty the burden was on the defendant to show that fact. Branson v. Turner, 77 Mo. 495.

BLAND, P. J.—The parties to the suit are business corporations. Omitting formal parts, the petition is as follows:

"For cause of action plaintiff states that heretofore, to-wit, on or about the eleventh day of July, 1901, plaintiff and defendant entered into a contract whereby plaintiff agreed to sell, deliver and erect for defendant one 80 ton 40 ' Fairbanks standard iron frame railroad track scale, with all latest patent improvements, at and for the sum and price of four hundred and thirty-three dollars ($433), which said amount defendant promised and agreed to pay to plaintiff one-third in cash upon the erection of said scales and the balance in ninety days thereafter, which said contract and agreement is in words and figures as follows:

"St. Louis, Mo., July 11, '01.

"Midvale Mining & Mfg. Co.,

"No. 401 Security Bldg., City.

"Gentlemen: We are pleased to quote you as follows: 80 ton 40 ' Fairbanks standard iron frame railroad track scale, with all our latest patent improvements, $433.

"These prices are f. o. b. East St. Louis, and we will furnish, free of charge, an expert scale builder to frame the timbers and superintend erection of the scale foundation to be furnished by your company.

"We guarantee the scale to be our best grade, durable and accurate, in fact, a perfect weighing machine, and as you doubtless appreciate the importance of having something reliable for your work, we will hope to be favored with your valued order.

"Yours very truly,

"FAIRBANKS, MORSE & CO.,

"By FRANK REITER.

"Accepted. Terms one-third cash as soon as scale is erected, bal. in ninety days. Accepted July 11, 1901.

"MIDVALE MINING & MFG. CO.,

"J. E. CARTWRIGHT, Prest.

"Plaintiff says that in pursuance of said contract and agreement, it thereafter, to-wit, on or about the

first day of August, 1901, delivered said scale at and upon the premises of the defendant, and has ever since been ready, willing and anxious to erect said scale, but that the defendant has failed to and refused, and still refuses to permit plaintiff so to do, and in violation of said contract and agreement, has sent said scales away from said premises, and has undertaken to cancel its said contract or agreement with plaintiff. Plaintiff says that by reason of the premises above set forth, defendant has become, and now is, indebted to the plaintiff in the sum and amount of $433, together with interest thereon from the first day of August, 1901, and costs of this suit, for which plaintiff prays judgment.''

The answer is as follows:

''Defendant now comes, and, answering plaintiff's petition herein, says that, except as hereinafter admitted, it denies each and every allegation of said petition.

''Further answering, defendant says that plaintiff did not deliver or offer to deliver to defendant scales of the size, character and dimensions described in plaintiff's petition, as required by the terms of its contract.

''Wherefore defendant says it is not indebted to plaintiff as charged in the petition.

''For a further answer defendant says that it was distinctly understood by both plaintiff and defendant that the scales mentioned in the contract were to be used by defendant in weighing, in car load lots, the incoming and outgoing freight of defendant company, and that they were built in and upon a railroad track leading up to defendant's manufacturing establishment, and that the erection of said scales would require a suspension of defendant's business and of all traffic upon said track while being erected. That by the terms of said contract the defendant was to furnish the lumber and material for the erection of said scales and plaintiff to furnish an expert scale builder to frame the timbers

and superintend the erection thereof, and that plaintiff was to give the defendant due and reasonable notice of the delivery of said scales, so that defendant could purchase and have on hand such material and lumber and could so arrange its business that said railroad tracks could be torn up during the time required to erect said scales, which plaintiff says would be about two weeks. That plaintiff failed to give such notice or any notice of its intention to deliver said scales. That plaintiff did not deliver or offer to deliver said scales on board cars, as required by the contract. That when plaintiff offered to deliver said scales, defendant refused to accept them at the time and in the manner offered, because great loss would thereby ensue to it, and so notified plaintiff, and it was then and there agreed by and between the plaintiff and defendant that said scales should be unloaded and left on defendant's premises subject to plaintiff's order until such time as defendant could be ready to accept and have the same erected, and, in accordance with such agreement, they were so unloaded and left in defendant's charge.

"That, notwithstanding such agreement, plaintiff thereafter and before defendant was ready to accept and erect said scales, demanded payment therefor and threatened suit against defendant in the event of its failure to make such payment, and that thereupon defendant notified plaintiff it would remove the same from its premises, and, upon plaintiff's insisting upon payment, accordingly did so and sent them to plaintiff.

"Defendant says that by reason of the premises it is not indebted to plaintiff in any sum whatever, and it prays for its costs herein laid out and expended."

The plaintiff replied as follows:

"Now at this day comes the plaintiff, and, for reply to defendant's answer filed herein, denies all of the new matter in said answer contained, except plaintiff admits that, under the contract sued on, defendant was

to furnish the timber for the erection of said scales, and that plaintiff was to furnish an expert scale builder to frame the timber and superintend the erection thereof.

"And plaintiff again prays judgment as in the petition."

A jury was waived and the issues were submitted to the court, who, after hearing the evidence, at the request of plaintiff made the following findings of fact:

"That on or about July 11, 1901, the plaintiff and defendant entered into a contract in writing, in and by the terms of which the defendant agreed to purchase and the plaintiff to sell one 80 ton 40 foot standard iron frame railroad track scale at and for the price and sum of $433.00 f. o. b. St. Louis; that afterwards, on or about August 1, 1901, plaintiff delivered to defendant on its premises in East St. Louis said scale, and same was accepted by defendant; that thereafter defendant refused to pay for said scales or to use the same and undertook to return them to plaintiff, who refused to accept them in return; that defendant made no demand upon plaintiff to erect said scale, and made it impossible for plaintiff to erect the same."

Defendant appealed.

At the threshold of the trial, the defendant objected to the introduction of any evidence for the following reasons:

"First, plaintiff does not allege in its petition that it delivered or offered to deliver a scale of the description set forth in the contract.

"Second, the contract requires the scale to be delivered f. o. b. East St. Louis. While the petition avers that it was delivered on the premises of the defendant, it does not state that the premises are in East St. Louis, and negatives the fact that they were delivered f. o. b., East St. Louis.

"That the petition does not allege that plaintiff furnished, or offered to furnish, free of charge, an ex-

pert scale builder to frame the timbers and superintend the construction of the foundation.

"That the plaintiff does not aver in its petition that it has complied with its part of the contract. It does not allege that plaintiff furnished or offered to guarantee that the scale was of its best grade, accurate and a perfect weighing machine.

"That the paper sued on is not a contract, but a mere quotation of prices or terms on which plaintiff would contract.

"The acceptance changes the terms of the quotation of prices, and is not, therefore, an unconditional acceptance of the order, and plaintiff was not bound, and hence the defendant was not bound."

The objections of defendant were overruled.

Plaintiff offered evidence tending to prove the contract sued on, the delivery of the scales at defendant's place of business at East St. Louis, Illinois, and the reception and acceptance of the scales by the defendant. Plaintiff also offered evidence showing that on several occasions it offered to erect the scales for the defendant but was prevented from doing so by the defendant.

1. In respect to the contract, it is to be observed that the answer nowhere specifically denies its execution or that the terms were agreed upon, and while it does not, in so many words, admit its execution, it tacitly admits that it entered into the contract as alleged in the petition and seeks to avoid its obligations thereunder by alleging failures on the part of plaintiff to perform the conditions of the contract on its part, therefore, it can not be said that the letter of plaintiff (set forth in the petition) offering the scales, and defendant's answer accepting the offer and stating the terms of payment, are insufficient to show an unconditional acceptance of the offer made by plaintiff and hence a completed contract. The tacit admissions of

the answer, that the terms of the contract were fully agreed upon, remove any doubt that might otherwise arise in respect to the making of the contract as alleged in the petition, and there was no error on this score in overruling defendant's objection to the introduction of any evidence.

2. The petition alleges that the plaintiff agreed to sell and deliver and erect for defendant "one 80 ton 40' Fairbanks standard iron frame railroad track scale, with all latest improvements," etc. (setting out *in haec verba* the contract). The petition alleges that in pursuance of the contract, the scales were delivered at and upon the premises of defendant. Defendant contends that the petition fails to allege performance of the contract by the plaintiff in this, that whereas the contract was for delivery f. o. b., East St. Louis, the petition alleges delivery at defendant's premises, East St. Louis. It is settled law that in an action on a contract for the purchase price, where the place of delivery is named in the contract, plaintiff must both allege and prove a delivery or tender of delivery at the place named in the contract or a sufficient excuse for non-tender. Bayse v. Ambrose, 32 Mo. 484; Turner v. Mellier, 59 Mo. l. c. 535; Price v. P. & F. H. Protection Co., 77 Mo. l. c. 240; Southern Lumber Co. v. Lumber Supply Co., 89 Mo. App. 144. If, therefore, as contended by defendant, the place of delivery provided for by the contract was f. o. b. East St. Louis, the petition failed to allege the performance of this condition by the plaintiff, and the objection to the introduction of any evidence in support of the petition should have been sustained, unless the defect is cured by the answer. The place of delivery provided by the contract was f. o. b. East St. Louis. The offer made by plaintiff was to sell defendant scales for $433, followed by this clause: "These prices are f. o. b. East St. Louis," that is, plaintiff's offer was to sell the scales to defendant for $433 and to load

them on cars at East St. Louis without charge or expense to the defendant. The offer, in this respect, was accepted as tendered and the place of delivery was, therefore, f. o. b., East St. Louis. Fruit Co. v. McKinney, 65 Mo. App. 220; 1 Mechem on Sales, sec. 618; 13 Am. & Eng. Ency. of Law, vol. 14 , p. 726. But by its answer the defendant shows a delivery f. o. b. East St. Louis was waived by the following allegations therein: "That when plaintiff offered to deliver said scales, defendant refused to accept them at the time and in the manner offered, because great loss would thereby ensue to it, and so notified plaintiff," and it was then and there agreed by and between the plaintiff and the defendant that said scales should be unloaded and left on defendant's premises subject to plaintiff's order until such time as defendant could be ready to accept and have the same erected. This averment conclusively shows that plaintiff did not object to receiving the scales because not tendered f. o. b. East St. Louis, as provided in the contract, but objected for the reason it was not ready to use the scales on its premises and agreed that they might remain on ts premises until such time as it could be ready to have the scales erected. This shows a clear waiver of the stipulation in the contract to deliver f. o. b. East St. Louis, and for this reason the court properly overruled defendant's second ground of objection to the introduction of any evidence by plaintiff.

3. The objection, that the petition does not allege that plaintiff delivered to defendant scales of the best grade, durable and a perfect weighing machine, was aided by the allegation of the petition, that defendant received and accepted the scales. This allegation (that defendant received and accepted the scales) carries with it the implication that the scales were of the kind and quality warranted, as proof that defendant did receive and accept the scales would cast a burden upon

it to show a breach of the warranty, in respect to the kind and quality of the scales. Branson v. Turner, 77 Mo. 489; Calhoun v. Paule, 26 Mo. App. l. c. 282. The situation would be different if the petition showed the contract remained unexecuted, as if the scales had been tendered but defendants refused to accept them, then it would be incumbent upon the plaintiff, as vendor, to allege and prove a compliance on its part with all the terms and conditions upon which the defendant agreed to purchase the scales and that it tendered scales filling the description and warranty contained in the contract. Weber v. Ins. Co., 5 Mo. App. 51; Parks v. Heman, 7 Mo. App. l. c. 18.

4. The measure of damages for goods sold and delivered and accepted on special contract is the contract price with legal interest from the date payment became due under the terms of the contract. This was the rule adopted by the court in estimating the damages. The evidence tends to show, and the trial court found, the scales were delivered and accepted by the defendant. Its liability, therefore, to pay the contract price became absolute as there was no breach of the warranty of the scales alleged, as a counterclaim or off-set. We think there is abundant evidence in the record to support the findings of the learned trial judge and to show that the judgment is for the right party.

The judgment is therefore affirmed. *Reyburn* and *Goode, JJ.,* concur.