BROTHERS et al. v. CUNNINGHAM et al.†

(Circuit Court of Appeals, Eighth Circuit. July 10, 1911.)

No. 3,036.

APPEAL AND ERROR (§ 179*)—PRESENTATION OF GROUNDS OF REVIEW IN LOWER COURT—OBJECTIONS TO EVIDENCE.

Where secondary evidence of titles, in case of loss of the original documents and destruction of the records by fire or otherwise, was made admissible by an act of the Legislature, the constitutionality of such act will not be considered by an appellate court, where the question was not raised by the objection made to the evidence in the trial court, which was based on formal grounds only.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1137–1140; Dec. Dig. § 179.*]

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

Action at law by Jennie Brothers and Charles L. Brothers against Frank J. Cunningham and the Cunningham Land & Improvement Company. Judgment for defendants, and plaintiffs bring error. Affirmed.

Edward P. Johnson (H. L. Dyer, on the brief), for plaintiffs in error.

Charles B. Faris (Arthur L. Oliver, on the brief), for defendants in error.

Before VAN DEVANTER, Circuit Judge, and CARLAND and POLLOCK, District Judges.

PER CURIAM. This is an action in ejectment, brought to recover 160 acres of land in Pemiscot county, Mo. The facts necessary to a decision are: Prior to April 15, 1871, William H. Friend was the owner of the land in controversy. He died February 22, 1876. Plaintiff in error Jennie Brothers is his daughter and sole heir at law. The question of fact presented on the record is: Did Friend die seised of the land in controversy, or had he theretofore conveyed it? Both parties claim title from Friend as the common source—plaintiff in error Jennie Brothers by inheritance; defendant in error the Cunningham Land & Improvement Company by purchase. At the trial a jury was waived, and the court found as a fact Friend had conveyed the land in question on April 15, 1871, to one William J. R. Howard, and that by mesne conveyances the title so acquired by Howard had passed to defendant the Cunningham Land & Improvement Company.

The only question of merit presented by the record is the sufficiency of the evidence therein found to support the finding made by the trial court that Friend, the ancestor of Jennie Brothers, had conveyed the land in question to Howard April 15, 1871; for, if so, the judgment was right and must be affirmed.

The fact that the conveyance by Friend to Howard relied upon by the defense was lost or destroyed, as were the public records of the county, they having been destroyed by fire December 2, 1882, the maker of the conveyance being dead, the grantee therein being either dead or his whereabouts unknown, and the great lapse of time since the making of the alleged conveyance sought to be established on the trial, all conspired to render certain direct and positive proof of the existence of the document sought to be established a task of much difficulty. However, the record discloses a witness by the name of Crenshaw testified he had talked with Friend, the maker of the alleged conveyance, after the date of the deed sought to be established, who said he had conveyed the land to Howard and had received in part payment therefor the horse he was then riding. Aside from this evidence there was offered in support of the conveyance a certified copy of an abstract of the title to the property, prepared at or about the time the conveyance was alleged to have been made, by one Carlton, a careful, competent, and skillful abstractor of titles, which abstract showed the conveyance as claimed by the defense.

Aside from this evidence the record further discloses defendant, the Cunningham Land & Improvement Company, or its grantors, had been in possession of the property for many years prior to the institution of the action against it, asserting ownership thereof and paying taxes thereon, and that neither the plaintiff Jennie Brothers nor any one under whom she claimed had been in possession thereof for more than 30 years. The certified copy of the abstract of title offered and received in evidence to establish the existence of the conveyance relied upon by the defense from Friend to Howard was offered on two theories: First, that it was the best evidence obtainable under the circumstances of the case, hence competent at the common law; second, that it was made competent by what is commonly known as the burned record act of the state, approved February 27, 1907 (Laws Mo. 1907, p. 271), which provides as follows:

"Sec. 1. In all of the counties of this state in which, at any time heretofore, the official records and records affecting the title to real estate herein, shall have been by fire, war or other catastrophe, lost, destroyed, or injured so as to have become illegible, and whenever, hereafter, such records of any county, or (of) the city of St. Louis, shall have been so lost, destroyed, or injured, it shall be the duty of the judge of the circuit court of such county and of the circuit wherein such county is situated, in conjunction with the judges of the county court of such county, or, if in the city of St. Louis, the duty of the circuit judges thereof, to examine into the state of such records; and in the event that they find any abstracts, copies, or extracts therefrom, existing after such loss, destruction or injury, and that said abstracts, copies, minutes or extracts were fairly made, before such loss, destruction, or injury by any person, persons, or corporation in the ordinary and usual course of business, and that said abstracts, copies, minutes or extracts contain a material and substantial part of said records so lost, destroyed or injured as aforesaid, the said judges shall certify the facts in regard to the loss, destruction or injury of such records, and in regard to such abstracts, copies, minutes or extracts therefrom, as such facts may be found by them; and if they are of the opinion that such abstracts, minutes, copies and extracts tend to show a connected chain of titles to the lands in such county or city, they shall file such certificate, finding, or opinion with the clerk of the circuit court thereof, which certificate shall be signed by said judges and have impressed thereon the seal of the county court of such county, or if in the city of St. Louis, the seal of the circuit court thereof; and, thereupon, said abstracts, minutes, copies, and extracts, or authenticated copies thereof, shall be admissible as prima facie evidence in all courts and places of this state, and in all courts held in this state, and in all inquiries, wherein the facts shown by such abstracts, minutes, copies, or extracts may be pertinent. And it shall be the duty of the owner, owners, keeper or custodian of such abstracts, minutes, copies, or extracts, to furnish to all persons or corporations so requesting, upon being paid or tendered, the charges and fees herein provided for, certified copies of the same or any part thereof. Said certificate to be made by such owner, owners, keeper or custodian, shall state that the paper or instrument to which it is appended or attached contains a true and correct copy of the entries set out in the said abstracts, minutes, copies, or extracts (designating the same by the name of the compiler or maker thereof, when possible), to which the said filed certificate of the said circuit judge, or judges and county judges relates; said certificate shall be signed by the maker thereof and sworn to by him before some officer who is authorized by the laws of this state to take and certify acknowledgments to instruments for the conveyance of real estate. And it shall be the duty of the owner, owners, keeper or custodian of such abstracts, minutes, copies, or extracts, upon being paid or tendered the fees and charges herein provided for, to produce the same in court, and the courts of this state, and the courts held within this state

may compel the production of the same in court by subpœna duces tecum, as in other cases. In all cases in which any abstracts, minutes, copies and extracts, or copies thereof, which are made admissible in evidence under the provisions of this act, shall be required to be used in evidence, all deeds, conveyances, or other instruments appearing thereby to have been executed by any person or corporation, or in which they appear to have joined, shall (except as against any person or corporation in the actual possession of the lands described therein, at the time of the loss, destruction or injury of the said records of such county, claiming title thereto, and except also, as against infants and persons of unsound mind, at the time of the trial or inquiry), be presumed to have been duly witnessed, executed and acknowledged, unless the contrary appear therein; and all sales under powers of attorney, judgments, decrees or other legal proceedings, shall be presumed to be regular and correct, unless the contrary appear, and any person or corporation alleging any defect or irregularity in any such conveyance, sale, judgment or decree, or other legal proceedings, shall be held bound to prove the same: Provided, that nothing contained in this section shall be construed to impair the effect of said injured, lost or destroyed records as notice.

"Sec. 2. The certificate provided for by the next preceding section to be made and filed by the said judges of the circuit court and the judges of the county court, or by the judges of the circuit court of the city of St. Louis, shall be by the said clerk of the circuit court, entered and spread upon the records of the circuit court of the county, the said records of which have been so lost, destroyed or injured. Thereupon, the said clerk of the circuit court of such county shall make out from said circuit court records, and transmit to the recorder of deeds of such county a certified copy of such certificate, so made and filed by said judges, and the recorder of deeds shall, thereupon, record such certified copy of said certificate in the land record books of his office. And a certified copy of said judges' certificate under the hand and official seal of the circuit court of such county, shall be received in all of the courts of this state, and in all of the courts held within this state, and in all places and inquiries within the state wherein said matters and things may be pertinent, as prima facie evidence of the facts and recitals set out and contained in said certificate of said judges.

"Sec. 3. In all cases, and in all suits, trials and actions, in any of the courts of this state, and in any of the courts held in this state, in any proceeding relating to, or affecting title of lands, or any interest therein, or any lien or incumbrance thereon, any party to such case, suit, trial or action shall be permitted to offer and introduce as evidence therein, and all of the said courts shall receive as competent evidence therein, any abstract of title, or land title abstract book, or books which are fair upon their face, and which are shown to have been made by any person in the usual and ordinary course of business, prior to the loss, injury or destruction of the official records, or parts thereof, of the county wherein the lands affected by such suit, trial or action, lie: Provided, that before such abstract, or land title abstract books shall be admissible, the party desiring to offer the same, or his agent, or attorney, shall, orally, in court, or by an affidavit filed in the cause, state under oath, that the originals of the deeds, conveyances or instruments affecting the title, or some part thereof, are lost, destroyed, or so injured as to be illegible, or that the said originals are not within the power of the party to produce, and that the record of such deeds, conveyances and instruments has been lost, destroyed or burned."

Much of the argument against the admissibility of this evidence is devoted to the question of the constitutionality of the act, it being the contention of the plaintiffs in error the act is violative of that provision of the Constitution of the state which prohibits class legislation. However, a search of the record discloses the objection taken to the abstract of title was based on the manner of its certification, and not on the ground of the unconstitutionality of the act.

A comparison of the abstract of title and its certification with

the act itself leaves no doubt but that it was certified in accordance with the provisions of the act. Hence, as the question of the constitutionality of the act was not directly put in issue by an objection based on that ground, it will be unnecessary to give it elaborate consideration here. Oxley Stave Co. v. Butler County, 166 U. S. 648, 17 Sup. Ct. 709, 41 L. Ed. 1149; Sayward v. Denny, 158 U. S. 184, 15 Sup. Ct. 777, 39 L. Ed. 941; Browning v. Powers, 142 Mo. 322, 44 S. W. 224.

A consideration of the entire record leaves no doubt that there was substantial evidence to sustain the finding made by the trial court.

It follows the judgment is right, and must be affirmed.